# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. ANIL AGARWAL, MADHU AGARWAL, & any and all US citizens and permanent residents effected in any way by Constitutional wrongs of defendants | Civil Action No.: 14-cv-01873 (PAC-KNF) |
| Plaintiffs, vs. | Civil Action |
| UNITED STATES OF AMERICA, C/O ATTORNEY GENERAL, et al. (70 other defendants, | |
| Defendant(s). | |

---

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

---

BOTTA & ASSOCIATES, L.L.C.
50 South Franklin Turnpike
Ramsey, New Jersey 07446
(201) 818-6400
Attorneys for Defendants, Borough of Lodi, Edward Reuter, Vincent J. Caruso, Gary Paparozzi, Judge Scott G. Sproviero, Borough Clerk of Lodi, Judge Tracie Nunno-D'Amico, Judge Giuseppe Randazzo, Carol DeFalco, Lodi Police Officer #1, Lodi Police Officer #2, Judge Gregg A. Padovano, Ronald Dario and the Borough of Maywood

Christopher C. Botta, Esq.
  Of Counsel and On the Brief

# **TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT

      **Point I**       **STANDARD OF REVIEW………………..………..4**

      **Point II**     **ALL CLAIMS ASSERTED IN THE AMENDED COMPLAINT ARE WITHOUT LEGAL MERIT AND MUST BE DISMISSED AS A MATTER OF LAW….6**

      **Point III**    **SERVICE OF PROCESS WAS INSUFFICIENT, AND ALL CLAIMS ASSERTED IN THE AMENDED COMPLAINT MUST BE DISMISSED AS A MATTER OF LAW…………………………………………..16**

      **Point IV**    **SHOULD THE COURT DENY ANY OF THE DEFENDANTS REQUEST TO DISMISS THE PLAINTIFFS' AMENDED COMPLAINT, DEFENDANTS REQUEST THAT PLAINTIFFS COMPLAINT BE SEVERED …………………………18**

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## STATEMENT OF FACTS

Mrs. Madhu Agarwal and Dr. Anil Agarwal file this instant action against over 70 separate Defendants. The defendants range from the "United States of America" to "All Municipal Court Judges in the State of New Jersey". The plaintiffs allege various Constitutional violations and wrongs, and seek various remedies. It is filed on behalf of plaintiffs Dr. Anil Agarwal and Madhu Agarwal, as well as "any and all US citizens and permanent residents effected in any way by Constitutional wrongs of defendants."

The Amended Complaint is broken down into Three Parts. Part One of the Amended Complaint allegedly arises out of "will full violation of US Constitution First Amendment", and states that the First Amendment "prohibits the making of any law respecting the establishment of religion, impeding the free exercise of religion, abridging the freedom of speech, impinging on the freedom of the oppress, interfering with the right to peaceably assemble or prohibiting the petitioning for a governmental redress of grievances." See Amended Complaint, annex to Certification of Christopher C. Botta as Exhibit A. Part One then demands a declaration that the US Constitution is "UN-DISPUTED Legal Document of all US jurisdiction", and that Court fees are unconstitutional as may and/or can be prohibitive".

Importantly, no specific facts are alleged in Part One of the Amended Complaint. Thus, there is no indication when, where or how the plaintiffs' rights were violated in any way by any of the named defendants, specifically the moving defendants. Instead, there are just vague ramblings about "DU-PROCESS", and concludes by stating that "this question itself will make 'Obama Care' to un-implementable". See Amended Complaint, annex to Certification of Christopher C. Botta as Exhibit A.

Part Two of the Amended Complaint begins by selectively citing the Seventh Amendment of the United States Constitution, which provides for a jury trial in certain cases. Plaintiffs continue on to demand that any cases in the Courts which was decided by a Judge alone, and not a jury, should be restored to the trial calendar. It essentially alleges that any Judge which made a decision, without a jury, has violated the United States Constitution and should be removed from office.  It also seeks to declare all Court Rules unconstitutional.

Again, Part Two of the Complaint is void of any facts specifically alleged against the moving defendants. There are vague allegations against President Obama, the National Labor Relations Board, as well as reference to the "Benghazi saga", but no facts which would show a specific violation of rights held by the plaintiffs. Part Two concludes by stating, "The Courts has Right and Duty bring out truth in the PUBLIC which is fundamental requirement of vibrant and thinking democracy or nation. If a nation gives up this right then that nation is one step away from SLAVERY." However, Part Two makes no specific demand or remedy.

Part Three of the Amended Complaint does make a request for a remedy, but no specific defendants are named as wrongdoers, and no specific incident is referenced by the plaintiffs. Part Three states that all laws promulgated under the Constitution are unconstitutional, presumably because they are not listed in the Constitution. Nevertheless, Part Three concludes by stating that all States have laws of "Handicapped parking which cannot be said to be equal protection between handicapped and not handicapped. Thus it prayed any fines collected by any States be returned to the people

who paid it." See Amended Complaint, annex to Certification of Christopher C. Botta as Exhibit A.

These defendants now file this Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and (6), for insufficient service of process and failure to state a claim. Additionally, should the Court deny any of the Defendants' requests to Dismiss the Complaint, Defendants further move to Sever Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 21.

# LEGAL ARGUMENT

## POINT I

### STANDARD OF REVIEW

On a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12 (b)(6), the Court must accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1384-85 (3d. Cir. 1994). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See Hishon v. King & Spalding, 46 U.S. 69, 73 (1984).

However, the Court need not credit bald assertions or legal conclusions alleged in the Complaint. In re Burlington Coat Factory Sec. Litig. 114 F.3d 1410, 1429-30 (3d Cir. 1997). While a Court will accept well-pled allegations as true for the purposes of the Motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d. Cir. 1997). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. See Kost v. Kozakewicz, 1 F.3d 176, 183 (3d. Cir.

1993). The Defendant bears the burden of showing that no claim has been presented. See Hedges v. United States, 404 F. 3d 744, 750 (3d Cir. 2005).

"In considering a motion to dismiss under Rule 12(b)(6), the Court may dismiss a complaint if it appears certain that the plaintiff cannot prove any set of facts in support of [his] claims which would entitle [him] to relief." Mruz v. Caring, Inc., 39 F.Supp.2d 495, at 499 (D.N.J. 1999)(Orlofsky, J.) (citing Ransom v. Marazzo, 848 F.2d 398, 401 (3d Cir. 1988)). In addition, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)(noting that this procedure "streamlines litigation by dispensing with needless discovery and fact-finding").

As will be shown herein, Plaintiffs' claims against these Defendants must be dismissed as Plaintiffs cannot set forth any set of facts consistent with their allegations which will entitle them to relief.

## POINT II

## ALL CLAIMS ASSERTED IN THE AMENDED COMPLAINT ARE WITHOUT LEGAL MERIT AND MUST BE DISMISSED AS A MATTER OF LAW

Plaintiffs' Amended Complaint alleges vague, unsupported and unsubstantiated violations of Constitutional rights and due process against Plaintiffs. Yet, few facts are actually alleged by the Plaintiffs, and as such, even if viewed in the light most favorable to Plaintiffs, they fail to state a claim against these Defendants. More specifically, several of these defendants have immunity from suit from the Plaintiffs.

### A.    Municipal Court Judges Are Entitled To Absolute Judicial Immunity, And Therefore, All Claims Against These Defendants Must Be Dismissed.

Plaintiffs' claims, even though they are never articulated in any detail, against Judge Scott G. Sproviero, Judge Tracie Nunno-D'Amico, Judge Giuseppe Randazzo and Judge Gregg A. Padovano are barred by the doctrine of absolute judicial immunity. Generally, a judicial officer in the performance of his duties has absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 12 (1991). The Third Circuit has held that judicial immunity extends to municipal court judges. Figueroa v. Blackburn, 208 F. 3d 435, 438, 440-443 (3d. Cir. 2000).

The doctrine of absolute judicial immunity is based upon the need to permit judges to render decisions with independence and without fear of consequences. Pierson v. Ray, 386 U.S. 547, 554 (1967). It is well established that judges are immune from civil rights suits based on actions performed in their judicial capacities. See Briscoe v. LaHue, 460 U.S. 325, 334. Further, "[a] judge will not be deprived of immunity because the

6

action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). In such circumstance, recourse can be obtained through appeal but "unsatisfied litigants may not hound [a judge] with litigation charging malice or corruption." Shuster v. Oppelman, 963 F. Supp. 394, 396 (S.D.N.Y. 1997) (*quoting* Pierson v. Ray, 386 U.S. at 554).

"Absolute immunity does not apply in every action against a judge or court personnel." Tucker v. I'Jama, 2006 U.S. App. Lexis 8322, at *2 (3d Cir. April 6, 2006). Instead, the "touchstone" for the applicability of the doctrine of judicial immunity is "the performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights. Burns v. Reed, 500 U.S. 478, 500 (1991) (Scalia, J. concurring in judgment in part and dissenting in part). Therefore, "it [is] the nature of the function performed, not the identity of the actor who performed it, that informs [an] immunity analysis." Forrester v. White, 484 U.S. 219, 229 (1988) (holding judge's hiring practices not judicial in nature).

Whether an act is a "'judicial' one relates to the nature of the act itself, i.e, whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" Gallas v. Supreme Court, 211 F.3d 760, 768-69 (3d Cir. 2000) (*quoting* Stump v. Sparkman, 435 U.S. 349, 362 (1978)). As a result, in deciding whether judicial immunity should be extended to particular acts courts must, "draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges," such as administrative acts. Gallas at 435 F.3d at (*quoting* Forrester, 484 U.S. at 227).

Plaintiffs make no specific allegations against the named defendant-judges. However, it can be surmised that plaintiff is upset due to having to abide by Court Rules, pay Court costs and/or being ticketed for parking in a handicapped parking spot. Plaintiffs' Amended Complaint, no matter how liberally construed, cannot support an allegation that the conduct of which Plaintiffs complain was outside any of these Judges' judicial capacity. Any acts complained of which arise out of Plaintiffs' dealings with these Municipal Court Judges were in their judicial capacity. As such, these Municipal Court Judges are entitled to immunity from suits based on those acts. As such, Plaintiff's Complaint against the Municipal Court Judges must be dismissed.

**B.      Ronald Dario, Esq., Is Entitled To Prosecutorial Immunity, And Therefore, All Claims Against The South Hackensack Prosecutor Must be Dismissed.**

Ronald Dario, Esq. is the Municipal Prosecutor for the Township of South Hackensack. Prosecutors are absolutely immune for actions made within their prosecutorial function. See Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 995, 47 L.Ed. 2d 128, 143 (1976). Absolute immunity extends to any and all alleged misdeeds, breaches or wrongdoings that a prosecutor is alleged to have committed in his or her prosecutorial capacity, including the decision to initiate a prosecution. See Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992); Schrob v. Catterson, 948 F.2d 1402, 1414, (3d Cir. 1991); and Michaels v. State of N.J., 222 F. 3d 118, 123 (3d Cir. 2000).

In the landmark decision in Imbler v. Pachtman, the Supreme Court of the United States articulated the doctrinal underpinnings of absolute prosecutorial immunity:

> The common law immunity of a prosecutor is based upon the same considerations that underlie the common-law

8

> immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from the public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust. 424 U.S. 409, 422-23 (1976).

The Court articulated that prosecutorial immunity should be utilized to dispose of lawsuits prior to trial in order to avoid diverting a prosecutor's office's limited resources to defending civil actions. The Court wrote:

> The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a Defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate...Further, if the prosecutor could be made to answer in Court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law. Id. at 424-26.

Additionally, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). See also Burns v. Reed, 500 U.S. 478, 490 (1991).

In the case at hand, although there are no specific facts alleged, any allegations of wrongful conduct could only include actions taken by the prosecutor that were within the scope of his duty as advocate for the state, to wit, prosecuting tickets issued to Plaintiffs. Accordingly, Prosecutor Ronald Dario, Esq. is entitled to absolute immunity for his actions, and the Complaints against him should be dismissed.

**C.** **The Police Officer and Court Personnel Defendants named in the Amended Complaint Are Entitled to Qualified Immunity, And Therefore, All Claims Against Them Must be Dismissed.**

Government officials performing discretionary functions generally are granted a qualified immunity and are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Additionally, the doctrine of qualified immunity protects police officers performing discretionary functions, such as arrests and issuing summons. See Wilson v. Layne, 526 U.S. 603 (1999). In determining whether a police officer is entitled to qualified immunity, both the existence of a clearly establish right and the objective reasonableness of the officer's actions are questions of law for the Court to decide. Sharrar v. Felsing, 128 F.3d 810, 828 (3d Cir. 1997).

Police officers "who reasonably but mistakenly conclude that their conduct comports with the requirements of the Fourth Amendment are entitled to immunity." Sharrar, 128 F.3d at 826 (*quoting* Hunter v. Bryant, 502 U.S. 224, 227 (1991)). "In this way, the qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Sharrar, 128 F.3d at 826 (*quoting* Hunter, 502 U.S. at 229)).

In the instant action, Plaintiff apparently complains that he was issued summonses or tickets for various municipal violations. There is no specific allegation of any wrongdoing against the police officer(s) or municipal official who issued the ticket, or the Courts which hosted prosecution of such tickets. A police officer is charged with the duty

of issuing summonses for any person who has committed an offense. Here, it is not alleged that officers violated any constitutional rights of Plaintiff, and they are therefore entitled to qualified immunity. As such, all claims against Edward Reuter (Lodi Police Department), Vincent J. Caruso (Lodi Police Officer), Gary Paparozzi (Borough of Lodi), Borough Clerk of Lodi, Carol DeFalco (Borough of Lodi), Lodi Police Officer #1 and Lodi Police Officer #2, must be dismissed as a matter of law.

**D.    All Claims against the Lodi Police Officers and Borough Employees Must be Barred as a result of Qualified Immunity.**

The Lodi Police Officer Defendants and Lodi Employee Defendants are entitled qualified immunity. Under the standards of Harlow v. Fitzgerald, 457 U.S. 800 (1982), which were developed specifically to facilitate the review and disposition of cases by summary judgment, public officials are shielded from suit if their conduct was objectively reasonable and not in violation of clearly established law. See Id. at 818-819.

Qualified immunity shares on important attribute with prosecutorial immunity: it is an immunity from suit, rather than a mere defense to liability, so it is designed to avoid subjecting public officials to the burdens and risk of trial. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The Supreme Court of the United States has gone so far as to state that qualified immunity "is an entitled not to stand trial or face the other burdens of litigation" and "like an absolute immunity...is effectively lost if a case is erroneously permitted to go to trial." Id. at 526.

Qualified immunity reflects a balance between individual constitutional rights and the societal interest to protect government officials from the expenses of litigation, the

diversion of official energy from pressing public issues and the deterrence of able citizens from acceptance of public office. See Harlow, 457 U.S. at 814. To those ends, the Harlow test "permits courts to weed out suits which fail the test without requiring a Defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits." Siegert v. Gilley, 500 U.S. 226, 232 (1991).

Defendants are entitled to qualified immunity because they were entitled to act in the exercise of their judgment and lawful discretion in charging Plaintiff. See McLaughlin v. Watson, 271 F.3d 566, 572 (3d Cir. 2001). As such, except where the facts bespeak utter incompetence of knowing violation of the law, Defendants are entitled to dismissal of the Complaint with prejudice. See Mitchell v. Forsyth, 472 U.S. 511 (1985). The Lodi Defendants are entitled to qualified immunity.

**D.      Plaintiffs' Due Process Claims Are Without Legal Merit And Must Be Dismissed As A Matter Of Law.**

First and foremost, Plaintiffs fail to articulate how their Due Process rights were violated. Apparently, Plaintiff was issued a ticket, had an opportunity to be heard in court, was found guilty, and paid a fine. There is absolutely nothing in this process which violates Plaintiffs' Constitutional Rights.

The Due Process Clause of the Fourteenth Amendment provides, "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend IX. The Due Process Clause protects individuals against two types of government action: "Substantive Due Process" and "Procedural Due Process."

"Substantive Due Process" prevents the government from engaging in conduct that "shocks the conscience," or interferes with rights "implicit in the concept of ordered

liberty. When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implements in a fair manner. This requirement has traditionally been referred to as "procedural due process." <u>United States v. Salerno,</u> 481 U.S. 739, 746 (1987) (*internal cites omitted*).

To state a procedural due process claim, the plaintiff must allege that (1) he or she was deprived of an interest encompassed within the Fourteenth Amendment's protection of life, liberty, and property, and (2) the procedures available to the plaintiff did not provide due process of law. <u>Hill v. Bor. Of Kutztown,</u> 455 F. 3d 225, 234-34 (3d Cir. 2006); <u>Solomon v. Phila Hous. Auth.,</u> 143 Fed. Appx 447, 452 (3d. Cir. 2005). "In order to state a claim for procedural due process, a plaintiff must have taken advantage of the processes that are available to her, unless those processes are unavailable or patently inadequate. "<u>Solomon,</u> 143 Fed. Appx. At 453; <u>Alvin v. Suzuki,</u> 227 F.3d 107, 116 (3d Cir. 2000). In other words, if there is a process "on the books" that may provide due process, "the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." <u>Alvin,</u> 227 F.3d at 116.

In the case at hand, Plaintiff is unable to state a due process claim. Specifically, the issuance of a ticket for violating a law does not interfere with the rights "implicit in the concept of ordered liberty." Plaintiff's due process claim cannot stand.

**E.    Plaintiffs' Constitutional Claims Are Without Legal Merit And Should Be Dismissed As A Matter of Law.**

Plaintiffs allege vague violations of their Constitutional Rights. Plaintiffs' claim fails however, as a matter of law because relief is generally not awarded on a claim arising directly under the Constitution.

Generally, relief is not awarded on a claim arising under the Constitution. Curry v. A.H. Robins Co., 775 F.2d 212, 220 (7th Cir. 1985). Where a plaintiff states a constitutional claim under 42 U.S.C. §1983, that statute is the exclusive remedy for the constitutional violation and claims asserted directly under the Constitution will not be recognized. Id. A District Court will dismiss such a claim because relief cannot be granted. Id.

Here, although the Plaintiff pleads a violation to his due process rights, 42 U.S.C. § 1983 is the exclusive remedy for the alleged constitutional violations, and claims asserted directly under the Constitution should not be recognized. Id. Thus, Plaintiff cannot maintain a separate action based on the due process provisions of the United States Constitution. Accordingly, Defendants' Motion to Dismiss Plaintiffs' due process claim alleged in the Amended Complaint should be granted.

**F.    All Claims Against The Borough Of Lodi and The Borough of Maywood Should Be Dismissed Because It Cannot Be Held Liable Under Respondeat Superior or Vicarious Liability.**

It is well settled that the Boroughs of Lodi and Maywood cannot be held liable to the Plaintiffs on a theory of *respondeat superior* or *vicarious liability.* Monell v. Dep't of Soc. Serv. of City of N.Y., 436 U.S. 658, 691, 56 L.Ed.2d 611, 98 S.Ct. 2018 (1978); see also Groman v. Township of Manalapan, 47 F.3d 628 (3d Cir. 1995); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998). Further, a local governmental entity cannot be held liable pursuant to supervisor liability for the conduct of its employees. Green v. City of Paterson, 971 F.Supp. 891, 912 (D.N.J. 1997).

42 U.S.C. §1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The specific language of §1983 "compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell, 436 U.S. at 691. Thus, municipal liability will only arise when a constitutional deprivation results from an official custom or policy. Montgomery, 159 F.3d at 126.

Likewise, a single incident of unconstitutional behavior by a police officer, without any direct involvement by a municipal policy maker, is not sufficient to impose municipal liability. Green v. City of Paterson, 971 F.Supp. 891, 913 (D.N.J. 1997).

A plaintiff bringing suit under §1983 must identify a challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered. Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984). Thus, for the plaintiff to prevail he must show that municipal policy or custom was the "moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed. 2d 509 (1981). It is only when execution of a government's policy or custom, whether by its lawmakers or by those with whose edicts or acts may fairly be said to represent official policy, inflicts injury that a government as an entity is responsible under §1983. Monell v. Dep't of Soc. Serv. of City of N.Y., 436 U.S. 658, 694, 56 L.Ed.2d 611, 98 S.Ct. 2018 (1978).

15

Here, Plaintiff has not alleged and cannot prove that the Boroughs of Lodi and/or Maywood allowed constitutional deprivations by their officers and/or employees to occur as an official custom or policy of the Municipality and/or the Police Department. The allegations of the Complaint are not supported by any facts, and therefore they must be dismissed.

In fact, Plaintiff has not even attempted to establish, nor shown through any evidence, that such a policy or custom existed, let alone that such a policy or custom evidenced deliberate indifference on the part of the public entity. Plaintiff has also failed to show that any action or inaction by the public entity could be interpreted as encouraging unconstitutional behavior.

Based upon the clearly defined case law, and the lack of any evidence of any unreasonable behavior, much less an official custom or policy designed to deprive Plaintiff of constitutional rights, Plaintiff cannot prevail on this theory and this Court should dismiss all claims against the Borough of Lodi and Maywood.

## POINT III

### SERVICE OF PROCESS WAS INSUFFICIENT, AND ALL CLAIMS ASSERTED IN THE AMENDED COMPLAINT MUST BE DISMISSED AS A MATTER OF LAW

These defendants were not served in accordance with New Jersey or Federal Court Rules, and therefore the Amended Complaint must be dismissed. The Federal Rules of Civil Procedure set forth four separate ways in which a Plaintiff may properly serve an opposing party. Rule 4(e) provides that:

Unless federal law provides otherwise, an individual -- other than a minor, an incompetent person, or a person whose waiver has been filed -- may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

New Jersey Court Rule 4:4-4, which sets forth the state guideline regarding service of process, mirror the Federal Rules and permits "delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf." New Jersey Court Rules 4:4-4(a)(1).

In the case at hand, Plaintiff simply dropped off a copy of the Amended Complaint with the Lodi Municipal Court. The individual defendants did not authorize anyone to accept service of any Complaints against them. As such, service of the Complaint is improper against the Defendants.

## POINT IV

## SHOULD THE COURT DENY ANY OF THE DEFENDANTS REQUEST TO DISMISS THE PLAINTIFFS' AMENDED COMPLAINT, DEFENDANTS REQUEST THAT PLAINTIFFS COMPLAINT BE SEVERED.

Plaintiffs Amended Complaint alleges various Constitutional violations and wrongs, and seeks various remedies, against over seventy named defendants, ranging from the "United States of America" to "All Municipal Court Judges in the State of New Jersey". It is filed on behalf of plaintiffs Dr. Anil Agarwal and Madhu Agarwal, as well as "any and all US citizens and permanent residents effected in any way by Constitutional wrongs of defendants."

The Amended Complaint is broken down into three separate "Parts". Specific facts are generally not alleged, only conclusory violations of certain alleged Constitutional rights and requirements. Suffice to say, it is difficult to comprehend, has no legal substance, and follows no standard pleadings form. Among other remedies, it apparently seeks to declare all Federal and State Court Rules unconstitutional, and void the Presidential appointment and Congressional confirmation of all Federal Judges and other governmental officials. There are also allegations that all civil trials should be by jury, and that President Obama violated the Constitution in deciding which school his own daughter should attend.

As an aside, this is not the first Complaint filed by these plaintiffs that this office has had to defend on behalf of various public entity defendants in New Jersey. In 2009, this office defended a similar type claim filed by the plaintiffs in the United States

District Court, District of New Jersey. That litigation was dismissed by The Honorable Susan Wigenton, U.S.D.J. See Order, annexed to Certification of Christopher C. Botta as Exhibit B.

Given all inferences to the plaintiffs, the Amended Complaint arises out of separate facts, separate incidents, separate entities, and shares no commonality. As such, Defendants request that Plaintiffs' Amended Complaint be severed. Rule 21 of the Federal Rules of Civil Procedure states in pertinent part: "Parties may be dropped or added by order of the Court on motion of any party or of its own initiative at any state of the action and on such terms as are just. Any claims against a party may be severed and proceeded with separately." Fed.R.Civ.P. 21.

If the Motion to Dismiss is denied, Plaintiffs' Amended Complaint must be severed into separate actions. There is absolutely no correlation with any of the allegations asserted against any of the Defendants. Conducting discovery would be, to say the least, a nightmare, and quite frankly, a waste of public funds. As such, it is respectfully requested that Plaintiffs' Amended Complaint be severed.

## CONCLUSION

Plaintiffs file this instant action solely for the purpose to harass the entire Judicial and Governmental System of the State of New Jersey, and more broadly, the United States. As shown above, Plaintiffs are unable to state a claim. Plaintiffs maliciously, and quite frankly frivolously, seek to harass every single person who they have ever come into contact with by the filing of this suit.

The individuals being sued in this suit are public employees who perform their duties in a respectable, humble, and honorable manner. Plaintiffs essentially come to the table with "unclean hands". Plaintiffs cry foul as they essentially file this lawsuit because they cannot understand how they are being prosecuted for breaking the law. Plaintiffs should not be allowed to bully these public servants through the filing of a meritless suit.

As such, for the foregoing reasons, Defendants' respectfully request that the Court dismiss Plaintiffs' Amended Complaint against the moving defendants.

Respectfully submitted,

**BOTTA & ASSOCIATES, L.L.C.**
Attorneys for Defendants


 */s/ Christopher C. Botta*
Christopher C. Botta [CCB-0844]


Dated: July 14, 2014