UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. ANIL AGARWAL, *et al.*, | : |
| Plaintiffs, | : |
| v. | : No. 1:14-cv-01873-PAC-KNF |
| ANY AND ALL EMPLOYEES AND COUNCIL MEMBERS OF McADOO, PA, *et al.*, | : |
| Defendants. | : |

**BRIEF, OF DEFENDANTS "ANY AND ALL EMPLOYEES AND COUNCIL MEMBERS OF MCADOO, PA," IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFFS' "AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJECTIVE RELIEF"**

**SIANA, BELLWOAR & McANDREW, LLP**
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(610) 321-5500, ext. 105
Fax: (610) 321-5531

*Pro Hac Vice Admission Pending*

*Attorney for Defendants,*
*"Any and all employees and Council members of McAdoo, PA" (McAdoo Borough)*

# TABLE OF CONTENTS

Page

STATEMENT OF FACTS..................................................................................... 1

STATEMENT OF QUESTIONS PRESENTED................................................. 2

STANDARD OF REVIEW.................................................................................. 3

ARGUMENT........................................................................................................ 4

    POINT 1 – Rule 12(b)(4) Motion to Dismiss for failure to conform to rules of court because the Amended Class Action Complaint was filed without leave of court in contravention of Federal Rule 15(a)............................................... 4

    POINT 2 – Rule 12(b)(5) Motion to Dismiss for improper service of process because a summons has not been properly served on McAdoo Borough or any of its Council members or employees....................................................5

    POINT 3 – Rule 12(b)(6) Motion to Dismiss for failure to state a valid cause of Action...................................................................................................7

CONCLUSION..................................................................................... 8

## STATEMENT OF FACTS

On November 19, 2014, Plaintiffs, Madhu Agarwal and Dr. Anil Agarwal, filed an "Amended Class Action Complaint for Declaratory and Injective Relief." (ECF Doc. 24; hereinafter the "Amended Class Action Complaint") The Agarwals identify 107 defendants including, for the first time in this litigation, "Any and All Employees and Council members of McAdoo, McAdoo, PA 18237" (collectively "McAdoo Borough"). There is no mention of McAdoo Borough in the body of the Amended Class Action Complaint; no facts concerning McAdoo Borough in the body of the Amended Class Action Complaint; and no allegations about McAdoo in the body of the Amended Class Action Complaint. The docket does not show that: (a) the Clerk issued Summons to be served on McAdoo Borough as a new defendant in this action; (b) a return of service has been filed; or (c) a waiver of service of summons form has been filed.

The Amended Class Action Complaint contains four parts. Each part generally consists of legal conclusions. After discarding the legal conclusions as argument, the only factual averments that Moving Defendant can discern based on a liberal interpretation of the pleading are:

- The Agarwals had to pay filing fees to initiate this litigation (Part I, Subpart A(b) on p. 3);
- Dr. Agarwal has been arrested "a few times" (Part I, Subpart A(c) on p. 3);
- President Obama took an oath of office two or more times (Part 3, Subpart C(b) on p. 5); and

1

- On June 26, 2014, the United States Supreme Court ruled that the Labor Board appointments made by President Obama were unconstitutional (Part 3, Subpart C(d) on p. 5);

The individuals on behalf of which the Agarwals attempt to bring this purported class action lawsuit are unspecified citizens and residents who are subjected to harassment by various Constitutional violators. (Introductory Statement on p.1) The action is brought "to save future unborn generations of the PLANET." (Part 3, introductory statement, p. 5)

## STATEMENT OF QUESTIONS PRESENTED

A. Whether a Rule 12(b)(4) Motion to Dismiss should be granted for improper process when the Amended Class Action Complaint was filed without leave of court in contravention of Federal Rule 15(a)?

(Suggested Answer: Yes)

B. Whether a Rule 12(b)(5) Motion to Dismiss should be granted for improper service of process when a Summons has not been served on McAdoo Borough or any of its Council members or employees?

(Suggested Answer: Yes)

C. Whether a Rule 12(b)(6) Motion to Dismiss should be granted for failure to state a valid cause of action when Plaintiffs have failed to plead any facts about McAdoo Borough and, failed to plead sufficient facts to demonstrate that McAdoo Borough or its Council members and employees deprived Plaintiffs' of their Constitutional rights?

(Suggested Answer: Yes)

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b) is to test the legal sufficiency of the Complaint. *Fried v. City of New York*, 201 F.3d 79, 84 (2d Cir. 2000). A motion to dismiss for failure to state a claim may be granted if, after accepting all well-pleaded facts in the Complaint as true, and viewing them in the light most favorable to the non-moving party, plaintiff is not entitled to relief. *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007). Dismissal of a complaint is appropriate if, accepting as true all of the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 127 S.Ct. 1955 (2007).

As a result of the *Twombly* holding, a plaintiff must have "nudged his claim across the line from conceivable to plausible; or his complaint must be dismissed." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations omitted). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations in the complaint are true (even if doubtful in fact.)." *Id.* at 1965.

In *Twombly,* the Supreme Court used a "two-pronged approach," which it later formalized in *Iqbal. Aschcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgt.*, 712 F.3d 705, 717 (2d Cir. 2013). Under this approach, a district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.*

## ARGUMENT

### POINT I

**Moving Defendants' Rule 12(b)(4) Motion to Dismiss should be granted for failure to conform to rules of court because the Amended Class Action Complaint was filed without leave of court in contravention of Federal Rule 15(a).**

Rule 15(a) of the Federal Rules of Civil Procedure provides:

**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
 **(A)** 21 days after serving it, or
 **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).

The Amended Class Action Complaint was filed on November 19, 2014, long after the original Complaint and Amended Complaints had been filed.[1] The docket does not reflect that the Agarwals sought leave of court to file the Amended Class Action Complaint or to name additional defendants. Likewise, the docket does not show that the Court granted leave to file the amended pleading. Accordingly, the Agarwals have not conformed to the process controlling the amendment of pleadings established by Federal Rule 15(a) and, therefore, the Amended Class Action Complaint filed against McAdoo Borough should be stricken and dismissed in accordance with Federal Rule 12(b)(4) for insufficient process.

### POINT II

**Moving Defendant's Rule 12(b)(5) Motion to Dismiss should be granted for improper service of process because a summons has not been served on McAdoo Borough or any of its Council members or employees.**

In a Rule 12(b)(5) motion, 'the party making the service has the burden of demonstrating validity when an objection to the service is made. Koulkina v. City of New York, 559 F.Supp.2d 300, 311 (S.D.N.Y. 2008).[2]

As an initial point, McAdoo Borough became aware of this lawsuit when Dr. Agarwal hand delivered an "amended" summons that is not addressed to any specific defendant. The word "amended" has been handwritten on the form. Any person who is at least 18 years old ***and not a party*** may serve a summons and complaint. Fed.R.Civ.P. 4(c)(2) (emphasis added). Thus, Dr.

---

[1] On March 25, 2014, the Court ordered the Agarwals to file an initial Amended Complaint, which they did on May 30, 2014 (ECF Doc. 7). The May 30, 2014 Amended Complaint identifies 70 defendants. McAdoo Borough is not mentioned in the May 30, 2014 Amended Complaint.

The November 19, 2014 "Amended Class Action Complaint" appears to have been unilaterally filed by the Agarwals without leave of court or consent of the defendants. It identifies 107 defendants, including McAdoo Borough.

[2] Entering a general appearance in federal court does not constitute a waiver of any objection to jurisdiction, service of process, or venue. Zherka v. Ryan, _F. Supp.3d _, 2014 WL 4928956 (S.D.N.Y. Sept. 30, 2014).

Agarwal's personal attempt to effect service, as a party to the proceeding, contravenes Federal Rule 4(c)(2).

"A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (a) delivering a copy of the summons and of the complaint to its chief executive officer; or (b) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed.R.Civ.P. 4(j).

In the case at bar, the docket does not reveal that the Agarwals requested the issuance of a summons to add McAdoo Borough as an additional Defendant when they filed the November 19, 2014 Amended Class Action Complaint, nor does it reveal that the Clerk ever issued a summons addressed to McAdoo Borough for service of process. By contrast, the Agarwals had filed the May 30, 2014 upon leave of Court. Upon the filing of the Amended Complaint, the Clerk issued summons addressed to each of the defendants to be served by the Agarwals. See docket entry of July 22, 2014.

The law also provides that a defendant may waive original service of process upon the request of the plaintiff. Fed.R.Civ.P. 4(d). Here, however, the Agarwals have not requested that the McAdoo Borough Defendants waive original service of process.[3]

Since the Defendants have not received original service of process, and the Agarwals have not requested Defendants waive service, the Amended Class Action Complaint should be quashed, and the Amended Class Action Complaint should be dismissed for insufficient service. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter

---

[3] The Moving Defendant would consider waiving original service of process upon request of the Agarwals, if that request is made in a manner consistent with the Federal Rules so that Defendants receive the benefit of the Rules, *i.e.*, an extension of the period of time to file a response.

judgment against him or her. *American Institute of Certified Public Accountants v. Affinity Card, Inc.*, 8 F.Supp.2d 372, 375 (S.D.N.Y. 1998).

### POINT III

### Moving Defendant's Rule 12(b)(6) Motion to Dismiss should be granted for failure to state a valid cause of action.

The Agarwals do not aver any facts to support their contention that they were deprived of the Constitutional rights by the action of a Council members or employees of McAdoo Borough. There is no mention of McAdoo Borough in the body of the Amended Class Action Complaint; no facts concerning McAdoo Borough in the body of the Amended Class Action Complaint; and no allegations about McAdoo in the body of the Amended Class Action Complaint.[4] Likewise, none of the relief requested by the Agarwals appears to be directed to any individual Council member or employee of McAdoo Borough. Therefore, any claims intended to be brought against McAdoo Borough its officials or employees should be dismissed for failure to plead a cause of action.

The Agarwals' Amended Class Action Complaint is devoid of any factual allegation to support a claim that a McAdoo Borough policy, practice or custom deprived them of a Constitutional right. Likewise, none of the relief requested by the Agarwals appears to be directed to McAdoo Borough. Therefore, all claims asserted against McAdoo Borough should be dismissed as a matter of law.

---

[4] There appears to be no connection between McAdoo Borough and the claims asserted other than the fact that one of the plaintiffs happens to reside in the Borough.

7

## CONCLUSION

WHEREFORE, Defendant McAdoo Borough respectfully request that this Court grant this Motion to Dismiss in its entirety, and enter judgment in its favor and against Plaintiffs, with costs.

                          Respectfully submitted,

                          **SIANA, BELLWOAR & McANDREW, LLP**

By:   */s/ Eric M. Brown*
        Eric M. Brown, Esquire, PA I.D. #204551
        941 Pottstown Pike, Suite 200
        Chester Springs, PA 19425
        (610) 321-5500, ext. 105
        Fax: (610) 321-5531
        embrown@sianalaw.com

        *Pro Hac Vice Admission Pending*

        *Attorney for Defendants,*
        *"Any and all employees and Council members of McAdoo, PA" (McAdoo Borough)*