UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. ANIL AGARWAL, MADHU AGARWAL, et al,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　-against-<br><br>HSBC BANK USA, N.A., et al<br><br>　　　　　　　　　Defendants. | No. 14-CV-01873-PAC |

**DEFENDANT HSBC BANK USA N.A.'S MEMORANDUM OF LAW
<u>IN SUPPORT OF MOTION TO DISMISS</u>**

　　　　　　　　　　　　　　　　**BALLARD SPAHR
　　　　　　　　　　　　　　　　425 Park Avenue
　　　　　　　　　　　　　　　　New York, NY 10022-3556
　　　　　　　　　　　　　　　　Telephone: (212) 223-0200
　　　　　　　　　　　　　　　　Facsimile: (212) 223-1942**

Defendant, HSBC Bank USA, N.A. ("HSBC Bank"), by its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files its Memorandum of Law in support of its Motion to Dismiss the Amended Class Action Complaint for Declaratory and Injunctive Relief (the "Amended Complaint") filed by Plaintiffs, Dr. Anil Agarwal and Madhu Agarwal ("Plaintiffs"), and in support thereof, states:

## I.     INTRODUCTION

Plaintiffs allege that HSBC Bank, along with 106 other defendants, violated the First, Seventh and Ninth Amendments of the U.S. Constitution, are liable for certain administrative appointments taken by President Barack Obama, and are liable for "malicious prosecution," "discrimination," "falsification of business records," and "not paying insurance claims on laches without notices to consumers." Those allegations have no factual support, fail as a matter of law and ignore the fact that HSBC Bank is a private party and not a state actor. Accordingly, Plaintiffs' Amended Complaint should be dismissed with prejudice.

## II.     FACTUAL ALLEGATIONS

Plaintiffs bring this putative class action against 107 defendants, including government agencies, federal judges, public officials, law firms and financial institutions, alleging that those entities and individuals are liable for a host of alleged constitutional violations and undefined tort claims. [D.E. #24.]

First, Plaintiffs allege that "Dr. Agarwal was arrested few times without substantial due process … and … was denied free exercise of religion and freedom of speech in more then (sic) a few ways." [Id. at 3.]   Plaintiffs contend that this constituted a violation of the First Amendment and request that the Court return "all court fees and court costs collected" to the taxpayers and issue a declaration "that for judges to hold office….to honor the U.S.

Constitution." [Id. at 4].   Plaintiffs do not allege that HSBC Bank had any involvement in Dr. Agarwal's arrest.

Second, Plaintiffs allege they were denied their constitutional right to a jury trial in violation of the Seventh Amendment. [Id.]  Plaintiffs do not assert any facts to support their claim, or otherwise explain when they were denied a jury trial, and do not allege that HSBC Bank had any involvement in that purported denial.

Third, Plaintiffs allege that certain appointments made by President Obama to the National Labor Relations Board were unconstitutional and seek the removal of President Obama from office as a result. [D.E. #24 at 5.] Once again, Plaintiffs do not allege that HSBC Bank had any involvement in the National Labor Relations Board appointments.

Finally, Plaintiffs baldly, and without a single fact in support, allege that all 107 defendants engaged in "malicious prosecution," "discrimination," "falsification of payment records" and "not paying insurance claims on laches without notices to consumers" in violation of the Ninth Amendment.  [Id.]  As with their other claims, Plaintiffs do not allege how HSBC Bank engaged in this purported conduct.

Plaintiffs purport to bring these claims to protect "similarly situated US Citizens and residents who are subjected to harassment by various Constitutional Violators in violation of the U.S. Constitution" and to "save future generations of the USA and establish law and order in the nation."  [D.E. #24 at p. 3.]

### III.   MEMORANDUM OF LAW

A.   **Plaintiffs Fail To Satisfy the Minimum Pleading Threshold Of Twombly and Ashcroft.**

"The Federal Rules of Civil Procedure require that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

fair notice of what the....claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1966 (2007). To state a claim, one must furnish "more than labels and conclusions, and ***a formulaic recitation of the elements of a cause of action will not do***." <u>Id.</u> at 555. (emphasis added). The Supreme Court emphasized that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 571.

Further, "a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 664, 129 S. Ct. 1937, 1941 (2009). "A complaint alleging facts which are merely consistent with a defendant's liability....stops short of the line between possibility and plausibility of entitlement to relief." <u>Young v. Covington & Burling, LLP</u>, 689 F. Supp. 2d 69, 75 (D.D.C. 2010), <u>quoting</u> <u>Ashcroft</u>, 129 S. Ct. at 1949.

"Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." <u>Twombly</u>, 550 U.S. at 556. Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint ***is inapplicable*** to legal conclusions." <u>Iqbal</u>, 556 U.S. at 678, <u>quoting</u> <u>Twombly</u>, 550 U.S. at 555 (emphasis added).

Plaintiffs here have not alleged a single fact applicable to HSBC Bank. Nor do Plaintiffs explain how HSBC Bank could be liable for the alleged constitutional violations. Instead, Plaintiffs merely alleged that multiple constitutional violations occurred for which each of the 107 defendants are liable. [D.E. #24.] Such bald allegations clearly fail to satisfy the most minimum of Plaintiffs' pleading requirements and Plaintiffs' complaint should be dismissed accordingly.

  **B.**  **Plaintiffs Cannot Sue HSBC Bank For Constitutional Violations As A Matter Of Law.**

Even assuming that Plaintiffs had pled sufficient factual detail, their claims against HSBC Bank still fail as a matter of law. Succinctly stated, "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." United States v. Int'l. Bhd. of Teamsters, 941 F.2d 1292, 1295 (2d Cir. 1991). "[S]tate action requires both an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, *and* that the party charged with the deprivation must be a person who may fairly be said to be a state actor." Flagg v. Yonkers Sav. and Loan Ass'n, FA, 396 F.3d 178, 186 (2d Cir. 2005), quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (emphasis added).

Thus, since HSBC Bank is clearly not a state actor, and Plaintiffs do not and cannot allege otherwise, Plaintiffs' claims against HSBC Bank fail as a matter of law and should be dismissed with prejudice.

**IV.**  **CONCLUSION**

For all of the foregoing reasons, Plaintiffs' Amended Complaint should be dismissed with prejudice.

| | |
|---|---|
| Dated: New York, New York<br>February 6, 2015 | By: /s/ Justin Angelo .<br>Justin Angelo<br>Ballard Spahr LLP<br>425 Park Avenue<br>New York, NY 10022-3556<br>Telephone: 646.346.8012<br>angeloj@ballardspahr.com<br>*Attorneys for Defendant HSBC Bank* |

Of counsel:
Dan McKenna
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8321
mckennad@ballardspahr.com