UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DR. ANIL AGARWAL, 207-209 West Sherman St.
McAdoo, PA 18237-0006, MADHU AGARWAL,
419 Esplanade, Maywood, NJ 07607 & any and all
US CITIZENS and permanent residents
effected in any way by CONSTITUTIONAL
WRONGS OF DEFENDANTS,

                              Plaintiffs,

              -against-

UNITED STATES OF AMERICA, c/o
U.S. ATTORNEY GENERAL,
US Congress, c/o Speaker of the Congress,
All Federal Courts Judges
c/o Court Clerk of United States Supreme Court
All US Attorneys, c/o US Attorney General
All States of United States, c/o Governor's and/or
Attorney General's of the States,
Any and All Violators of US Constitution,
Any and All Institutions connected with Law, and/or
Law Enforcement, Any and All Professionals
[lawyers, state courts and municipal courts judges,
sheriffs, police officers, court officers] specially
connected with Law, Any and All News Media
Watch Dogs and Independent Guarantors of
US Constitution Rights, Any and All Jane and
John Doe's who violated Constitution of America
in any way, Rishi Rakshpal, 207-209 West Sherman St.,
McAdoo, PA 18237-0006, Judge Susan D. Wigenton
U.S. District Court for New Jersey, Newark, NJ,
Judge A. Richard Caputo, U.S. District Court,
Scranton, PA 18501, Judge Thomas M. Blewitt
U.S. District Court, Scranton, PA 18501,
All Judges of Third Circuit Courts of Appeal,
601 Market Street, Philadelphia, PA 19106,
All Court Personals of Third Circuit Courts of Appeal
601 Market Street, Philadelphia, PA 19106,
Third Circuit Courts of Appeal through The Clerk
601 Market Street, Philadelphia, PA 19106,
All Sherifs and/or Administrators of detention
facilities situated in the United States,

**REPORT and RECOMMENDATION**

14-CV-1873 (PAC)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/15

Borough of Lodi, One Memorial Drive, Lodi, NJ 07644, Sandy De Lo Renzo, Hudson City Saving Bank, 304 Essex St. Lodi, NJ 07644, Hudson City Saving Bank, West 80 Century Road, Paramus, NJ 07652, Custodian of Records, Hudson City Saving Bank, West 80 Century Road, Paramus, NJ 07652, Edward Reuter Lodi Police Department, One Memorial Drive, Lodi, NJ 07644, Vincent J. Caruso, Lodi Police Department, One Memorial Drive, Lodi, NJ 07644, Gary Paparozzi, Borough of Lodi, One Memorial Drive, Lodi, NJ 07644, Judge Scott G. Sproviero, Borough of Lodi, One Memorial Drive, Lodi, NJ 07644, Borough Clark of Lodi, Borough of Lodi, One Memorial Drive, Lodi, NJ 07644, Judge Tracie Nunno-D'Amico, Municipal Court, One Memorial Drive, Lodi, NJ 07644, Judge Giuseppe Randazzo, Municipal Court, One Memorial Drive, Lodi, NJ 07644, Gerry Michata Hudson City Saving Bank, 304 Essex St., Lodi, NJ 07644, Nicholas M. Alicea, U.S. Postal Inspection Service, P.O. Box 600035, Harrisburg, PA 17106-0035, Carol Defalco Municipal Court, Borough of Lodi, One Memorial Drive, Lodi, NJ 07644, Lodi Police Officer #1, Lodi Police Department, One Memorial Drive, Lodi, NJ 07644, Lodi Police Officer #2, Lodi Police Department, One Memorial Drive, Lodi, NJ 07644, Judge Gregg A. Padovano, Municipal Court, 227 Phillips Ave., South Hackensack, NJ 07606, All Municipal Court Judges in State of New Jersey through NJ Attorney General, Ronald Dario, Municipal Court, 227 Phillips Ave., South Hackensack, NJ 07606, Judge Patric J. Roma, Bergen County Justice Center, Hackensack, NJ 07601, Bergen County Municipal Courts Administrator, Superior Court, Hackensack, NJ 07601, John L. Molinelli, Bergen County Prosecutor Office, 10 Main Street, Hackensack, NJ 07601, Charls Cho, Bergen County Prosecutor officer, 10 Main Street,

Hackensack, NJ 07601, Monica Haung, Bergen County
Prosecutor officer, 10 Main Street, Hackensack, NJ 07601,
Mr. Edward T. Rogan, 125 State Street, Hackensack,
NJ 07601, Judge Roy F. McGeady,
Vicinage 2 Municipal Court, 10 Main Street,
Hackensack, NJ 07601, Judge Peter E. Doyne
Bergen County Justice Center, Hackensack, NJ 07601,
Judge Axelrad, Appellate Division of Superior Court,
Trenton, NJ 08625-0006, Judge Sapp-Paterson,
Appellate Division of Superior Court,
Trenton, NJ 08625-0006, Andrew Samson,
27 Horseneck Road, #210, Fairfield, NJ 07004,
Judge Joseph F. Lisa, Appellate Division of
Superior Court, Trenton, NJ 08625-0006,
Judge Jack M. Sabatino, Appellate Division of
Superior Court, Trenton, NJ 08625-0006,
Joseph H. Orlando, Clerk, Appellate Division of
Superior Court, Trenton, NJ 08625-0006,
All Personal, of Appellate Division, New Jersey
Superior Court, Trenton, NJ 08625-0006,
All Banks in USA through the CEO's,
Judge Thomas P. Olivieri, Superior Court,
Hudson County, Jersey City, NJ 07306,
Kristina Gandolfo Murtha, Suite 5000,
701 Market Street, Philadelphia, PA 19106-1532,
Goldbeck McCafferty & McKeever
Suite 5000, 701 Market Street, Philadelphia, PA
19106-1532, Judge Peter F. Bariso, Superior Court,
Hudson County, Jersey City, NJ 07306,
Judge Alvaro L. Iglesias, Superior Court,
Hudson County, Jersey City, NJ 07306,
Judge Maurice J. Gallipoli, Superior Court,
Hudson County, Jersey City, NJ 07306,
Patricia A. Krogman, 574 Summit Avenue,
Jersey City, NJ 07306, Judge Michael L. Ravin,
Superior Court, Hudson County, Jersey City,
NJ 07306, The Clerk, Hudson County Superior Court,
NJ 07306, The Sherif, Hudson County,
Jersey City, NJ 07306, Judge Kenneth J. Slomienski,
Bergen County Justice Center, Hackensack, NJ 07601,
Judge Hector R. Velazquez, Hudson County,
Jersey City, NJ 07306, Judges of
Hudson County, Jersey City, NJ 07306,

3

Borough of Maywood and Borough of Paramus,
New Jersey, Governor and Attorney General,
of Commonwealth of Pennsylvania,
Harrisburg, PA 17120, All District Courts of
Commonwealth of Pennsylvania through
Attorney General of Commonwealth of Pennsylvania,
To 10,0001 to be identified as Jane & Jon doe,

       Defendants.
------------------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

  The plaintiffs, Dr. Anil Agarwal and Madhu Agarwal, proceeding pro se, filed an amended complaint in May 2014, alleging violations of the First, Seventh, and Fourteenth Amendments to the Constitution, and seeking declaratory and injunctive relief.[1]  Before the Court is a motion by defendants Borough of Lodi, Edward Reuter, Vincent J. Caruso, Gary Paparozzi, Judge Scott G. Sproviero, Borough Clerk of Lodi, Judge Tracie Nunno-D'Amico, Judge Giuseppe Randazzo, Carol DeFalco, Lodi Police Officer #1, Lodi Police Officer #2, Judge Gregg A. Padovano, Ronald Dario and the Borough of Maywood for an order dismissing the complaint, pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure.  In addition, the movants request that, should the court "deny any of the Defendants [sic] Request to Dismiss the Plaintiffs' Amended Complaint . . . that Plaintiff's [sic] Amended Complaint be Severed pursuant to Fed. R. Civ. P. 21."  The plaintiffs have not opposed the motion.

## BACKGROUND

  The plaintiffs commenced this action on March 18, 2014.  Thereafter, on March 25, 2014, your Honor directed the plaintiffs to submit an amended complaint to the court's Pro Se Office within sixty

---

[1] The amended complaint is not crafted clearly, and has been construed liberally by the Court and interpreted to raise the strongest arguments it suggests.  See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).

(60) days. On May 30, 2014, the Pro Se Office received the plaintiffs' amended complaint, Docket Entry No. 7.[2]

Plaintiffs' Contentions

A)     First Amendment Claim

Through the amended complaint, the plaintiffs contend that, inasmuch as the First Amendment to the Constitution allows for "petitioning for a governmental redress of grievances . . . any Federal Courts [sic] Rules, State and/or County law and/rules which can [in] any way prohibit petitioning (by way of putting any extra burden on petitioner should be unconstitutional) should be declared UNCONSTITUTIONAL." The plaintiffs seek a declaration, inter alia, that: 1) "[c]ourt fees are unconstitutional, since they "can be prohibitive" and, thus, they should be "returned to the payers"; and 2) "[a]ll incarceration facilities in [the] United States should and have to follow inmates [sic] rights to '**free exercise of religion**,'" **and** '**freedom of speech**.'" (emphasis in original). According to the plaintiffs, one of them, who is not identified, has been arrested a "few times without due process and . . . was denied free exercise of religion and freedom of speech in more than one way." The plaintiffs also seek a declaration that all court rules or regulations which burden a petitioner "like service of notices[,] etc. may and/or can be prohibitive." The plaintiffs maintain that when a petition is filed "it needs to be provided due process and when anyone acts "sua sponte [other [sic] word for it is '**ARBITRARY**'] VIOLATE'S [sic] DUE – PROCESS [sic] AND THUS VIOLATES ITS (JUDGE/ACTOR) OATH AND VOIDS IT [sic] JURISDICTION OF OFFICE [sic]" the person holds. (emphasis in original).

B)     Seventh Amendment Claim

The plaintiffs also contend that the Seventh Amendment to the Constitution provides for the right to a jury trial "**in certain civil cases**, **according to common law**." (emphasis in original). Thus, in every

---

[2]The plaintiffs filed a second amended complaint, Docket Entry No. 24, without the consent of the defendants or leave of the court, in contravention of Fed. R. Civ. P. 15. Therefore, Docket Entry No. 7 remains the operative pleading.

5

instance where a jury trial is requested, the "presiding officer (Judge) cannot discard [the] Jury [sic] trial request and give himself [the] right of becoming a Jury." The plaintiffs demand a declaration, inter alia, that: 1) anyone violating the petitioner's constitutional right to a jury trial is violating the Constitution; 2) anyone who violates the Constitution cannot take an oath of office and, furthermore, any office holder subject to an oath of office who violates that oath relinquishes his or her office; 3) anyone who violates an oath of office and fails to establish that he or she understood the oath of office makes holding that office void ab initio; 4) once it is established when an office holder violated his or her oath of office or the point at which he or she did not understand the oath of office, the violator becomes "liable of holding the office fraudulently, giving rise to civil and criminal penalties"; 5) a "court or jury can pass [a] writ of 'QUO WARRANTO' to remove that violator of [the] oath of office"; 6) "anyone requesting any summary trial in Jury Trial [sic] cases should be prosecuted for OBSTRUCTION OF JUSTICE"; 7) any court personnel, prosecutors or attorneys "submitting any fact[,] which they have not verified themselves [,that is] found to be [untruthful,] should be . . . prosecuted for obstruction of Justice [sic]"; 8) "any and all retirement/pension benefits of [a] person/s that violates the oath/constitution [sic] are forfeited"; and 9) "all cases dismissed without [a] Jury Trial [sic] by the Judge [sic] should be restored to [the] respective court calendar."

C)      Fourteenth Amendment Claim

According to the plaintiffs, inasmuch as "[a]ll STATES [sic] of [the] United States have very simple laws of Handicap [sic] parking which cannot be said to be equal protection between handicapped and not handicapped . . . any fines collected by any States [sic] [should] be returned to the people who paid it [sic]."

Notwithstanding the various claims made by the plaintiffs, their amended complaint is devoid of factual allegations tending to show how, if at all, any of the defendants engaged in misconduct or what the particular misconduct is for which he, she or it is liable to the plaintiffs.

Movants' Motion

In response to the plaintiffs' amended complaint, the movants filed the instant motion, pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure, seeking an order dismissing the complaint for insufficient service of process and for failure to state a claim upon which relief can be granted. In addition, as noted above, the movants request that, in the event any ground upon which they seek to dismiss the amended complaint is not granted by the court, the plaintiffs' amended complaint be severed, pursuant to Rule 21 of the Federal Rules of Civil Procedure. In support of their motion to dismiss, the movants submitted a certification by their attorney, Christopher C. Botta ("Botta"), and a memorandum of law styled, "Brief in Support of Defendants' Motion to Dismiss."[3] Attached to Botta's certification are "Exhibit A," which, according to Botta, "is a true and accurate copy of Plaintiffs' Amended Complaint"[4] and "Exhibit B," which Botta indicates is a true and accurate copy of Judge Susan Wigenton's Order, dated December 18, 2009.

A) Insufficient Service of Process

Through their memorandum of law, the movants contend that they "were not served in accordance with New Jersey or Federal Court Rules, and, therefore, the Amended Complaint must be dismissed." The movants maintain that, under federal law, service of process may be made "in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." According to the movants,

---

[3] The movants' memorandum of law relies, almost exclusively, on the jurisprudence of the United States Court of Appeals for the Third Circuit. That court's decisional law is not binding on this court, as this court is within the jurisdiction of the Second Circuit Court of Appeals.

[4] Although Botta states that Exhibit A to his certification "is a true and accurate copy of Plaintiffs' Amended Complaint," the Court observed that the complaint, which comprises Exhibit A, contains handwritten annotations that do not appear on the Amended Complaint filed with the Clerk of Court, thus calling into question the verisimilitude of Botta's representation that Exhibit A to his certification "is a true and accurate copy of Plaintiff's Amended Complaint."

>New Jersey Court Rule 4:4-4, which sets forth the state guideline regarding service of process, mirror [sic] the Federal Rules and permits delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf. (Citation and internal quotation marks omitted).

The movants assert that "Plaintiff [sic] simply dropped off a copy of the Amended Complaint with the Lodi Municipal Court. The individual defendants did not authorize anyone to accept service of any Complaints [sic] against them. As such, service of the Complaint [sic] is improper against the Defendants."

B) <u>Constitutional Violation Claims</u>

With respect to the plaintiffs' constitutional violation claims, the movants contend that "no specific facts are alleged" in the amended complaint indicating "when, where or how the plaintiffs' rights were violated in any way by any of the named defendants, specifically, the moving defendants." Notwithstanding this alleged deficiency in the plaintiffs' pleading, the movants urge the court to grant their motion because: 1) the municipal court judicial-officer movants are entitled to absolute judicial immunity from suit for "actions performed in their judicial capacities"; 2) defendant Ronald Dario ("Dario") "is the Municipal Prosecutor for the Township of South Hackensack[, and p]rosecutors are absolutely immune for actions made within their prosecutorial function"; and 3) the police officer, Borough of Lodi employee and court-personnel movants "[a]re [e]ntitled to [q]ualified [i]mmunity" and are shielded from liability for civil damages when "performing discretionary functions . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

In the circumstance of this case, the movants maintain that issuing tickets and summons, effecting arrests and preferring charges are all discretionary acts performed by the police officer, Borough of Lodi employee and court-personnel movants. As such, the movants assert that the doctrine of qualified immunity shields them from expending time and resources "defend[ing] the suit on the merits," and

8

warrants the court's dismissal of the action. Furthermore, the movants contend that, since "a local governmental entity cannot be held liable" for the constitutional violations of its employees under the doctrine of "respondeat superior or vicarious liability," and may only be held liable "when a constitutional deprivation results from an official custom or policy" of that governmental entity, neither the Borough of Lodi nor the Borough of Maywood may be found liable to the plaintiffs because the plaintiffs have not alleged that any official custom or policy of either borough deprived them of a constitutional right.

In addition, the movants contend that the plaintiffs' due process claim lacks merit, because the "Plaintiffs fail to articulate how their Due Process rights were violated. Apparently, Plaintiff [sic] was issued a ticket, had an opportunity to be heard in court, was found guilty, and paid a fine. There is absolutely nothing in this process which violates Plaintiffs' Constitutional [sic] Rights [sic]."

C. Fed. R. Civ. P. 21 Severance

According to the movants, the amended complaint "alleges various Constitutional [sic] violations and wrongs, and seeks various remedies, against over seventy named defendants." The movants contend that "the Amended Complaint arises out of separate facts, separate incidents, separate entities, and shares no commonality. As such . . . [the] Amended Complaint must be severed into separate actions," pursuant to Rule 21 of the Federal Rules of Civil Procedure, if the movants "Motion to Dismiss is denied." The movants maintain that, because "[t]here is absolutely no correlation with any of the allegations asserted against any of the Defendants[,] [c]onducting discovery would be . . . a nightmare, and quite frankly, a waste of public funds." This, they assert, militates in favor of severing the amended complaint, should the court determine not to dismiss that pleading.

**DISCUSSION**

1) Insufficient Service of Process

Rule 12 of the Federal Rules of Civil Procedure, in pertinent part, provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a

party may assert the following defenses by motion: . . . insufficient service of process." Fed. R. Civ. P. 12(b)(5). A movant asserting the defense insufficient service of process must do so, via a motion, before submitting a responsive pleading. See Fed. R. Civ. P. 12(b). The movants have done that in this case.

Rule 4 of the Federal Rules of Civil Procedure explains how service may be effected on an individual within a judicial district of the United States. It provides as follows:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4 of the Federal Rules of Civil Procedure also prescribes the method for effecting service on a state or local government. The Rule provides, in pertinent part, as follows:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

The movants assert, through their memorandum of law, that they "were not served in accordance with New Jersey or Federal Court Rules, therefore the amended complaint must be dismissed." Local Civil Rule 7.1 of this court provides, in part, as follows:

> Except for letter-motions, as permitted by Local Rule 7.1(d) . . . all motions shall include the following motion papers: . . . Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion . . . .

Local Civil Rule 7.1(a)(3).

10

Not one of the movants submitted an affidavit to the court setting forth any factual information in support of the instant motion, as required by Local Civil Rule 7.1(a)(3). Therefore, no evidence exists in the motion record before the Court explaining either: (1) the circumstances under which service of process was attempted on any of them; or (2) the movants' assertion that they "were not served in accordance with New Jersey or Federal Court Rules."[5] As a consequence, no basis exists upon which the court would be warranted in granting that branch of the movants' motion to dismiss that is premised upon Fed. R. Civ. P. 12(b)(5), insufficient service of process.

2) Failure to State a Claim

"[A] party may assert the following [defense] by motion . . . failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Like a motion for insufficient service of process, "[a] motion asserting [failure to state a claim] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). To survive a motion to dismiss, made pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Conclusory allegations that the defendant violated the standards of law do not satisfy the need for plausible factual allegations." Kiobel v. Royal Dutch Petroleum Corp., 621 F.3d 111, 191 (2d Cir. 2010)(citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). When a motion is made, pursuant to Rule 12(b)(6), all facts alleged in the complaint are assumed to be true and all reasonable inferences are drawn in the plaintiff's favor. See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Assoc., 655 F.3d 136, 141 (2d

---

[5]The movants' memorandum of law in support of their motion to dismiss contains factual allegations purporting to recount how service of process was effected on at least some of the movants. However, a memorandum of law is not evidence. See Giannullo v. City of New York, 322 F.3d 139, 142 (2d Cir. 2003).

Cir. 2011). When assessing a Rule 12(b)(6) motion, a court's "consideration is limited to facts stated on the face of the complaint or incorporated . . . by reference, and to matters [about] which judicial notice may be taken," Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991), as well as "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000)(internal citation omitted).

The movants maintain that all claims asserted against the following judicial officers: Scott G. Proviero, Tracie Nunno-D'Amico, Giuseppe Randazzo and Gregg Padovano "are barred by the doctrine of absolute judicial immunity." According to the movants, the plaintiffs' amended complaint makes "no specific allegations against the named defendant-judges." However, the movants assert that "it can be surmised that plaintiff [sic] is upset due to having to abide by Court Rules, pay Court costs and/or being ticketed for parking in a handicapped parking spot."

As indicated above, a court's assessment of a Rule 12(b)(6) motion is limited to considering the "facts stated on the face of the complaint or incorporated . . . by reference, and to matters [about] which judicial notice may be taken," Allen, 945 F.2d at 44, as well as "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." Rothman, 220 F.3d at 88-89. The Court examined the facts recited on the face of the amended complaint to determine whether a claim that is facially plausible, that is, a claim containing sufficient factual matter from which the Court may draw the reasonable inference that a movant is liable for misconduct alleged in the complaint, exists. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. When examining the facts to ascertain whether a facially plausible claim exists in a complaint, a court is not permitted to consider the surmise, conjecture or speculation of a movant; rather, the court's analysis is relegated to the factual matter contained in the complaint.

Here, the movants' maintain that no specific facts have been alleged against any of the judicial-officer movants and, thus, no plausible claim for relief against any of them appears on the face of the amended complaint. The Court concurs with the movants' assertion, that the plaintiffs' amended

complaint lacks factual allegations attributing misconduct to any of the judicial-officer movants. Accordingly, no claim for which relief can be granted has been made by the plaintiffs against the judicial-officer movants. Whether the judicial-officer movants enjoy absolute immunity for conduct undertaken in the performance of their dispute resolution functions, see Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S. Ct. 1099, 1104 (1978), as the movants allege, is, in the instant case, beside the point, as the amended complaint lacks any facts concerning conduct undertaken by a judicial-officer movant in his or her judicial capacity.

The movants contend that Dario, against whom "there are no specific facts alleged [in the amended complaint]," is "absolutely immune for actions made within [his] prosecutorial function." No evidence exists in the motion record establishing that Dario is a prosecutor – although the movants assert that he is in their memorandum of law – or that Dario took any prosecutorial action against the plaintiffs. In any event, since the Court agrees with the movants that no factual allegations have been made against Dario in the plaintiffs' amended complaint, that pleading fails to state a claim to relief against Dario that is plausible, as is required in order for the plaintiffs to survive a motion to dismiss, made pursuant to Fed. R. Civ. P. 12(b)(6).

The movants contend that the police officers, court personnel and Borough of Lodi employees who have made this motion are entitled to qualified immunity because the "Plaintiff [sic] apparently complained that he [sic] was issued summonses or tickets for various municipal violations."[6] No specific allegation of wrongdoing was made by the plaintiffs against any: (i) police officer(s) or municipal official(s) respecting the issuance of a summons or ticket; or (ii) the "Courts [sic] which hosted prosecution of such tickets." Furthermore, "it is not alleged that officers violated any constitutional rights of Plaintiff [sic]."

---

[6]Nowhere in the amended complaint do the plaintiffs allege that they have been "issued summonses or tickets for various municipal violations . . . [or been prosecuted for] such tickets."

Qualified immunity is an affirmative defense shielding government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). Inasmuch as the plaintiffs' amended complaint lacks factual allegations concerning any conduct engaged in by the police officer, Borough of Lodi employee and court-personnel movants, the plaintiffs' amended complaint fails to state a claim to relief against these movants that is facially plausible. In the absence of specific factual allegations attributing misconduct to the police officer, Borough of Lodi and court-personnel movants, it is not possible to ascertain whether the affirmative defense of qualified immunity is available to the movants and, thus, no analysis of that defense is warranted.

The movants assert that the claims made against the Borough of Lodi and the Borough of Maplewood should be dismissed owing to the holding in Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978). In Monell, the Supreme Court found that municipalities may be sued under 42 U.S.C. § 1983 and held liable for a constitutional deprivation arising from their governmental customs and policies. An individual who believes a municipality has deprived him or her of a constitutional right, based on a governmental custom, policy, ordinance, regulation, or decision may sue the municipality directly, under 42 U.S.C. § 1983. See Monell, 436 U.S. at 690-91, 98 S. Ct. at 2035-36. "[T]o hold a city liable under section 1983 for the constitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983). According to the movants, the plaintiffs failed to set forth facts in their amended complaint tending to show a particular policy or custom of either municipality was "the 'moving force of the constitutional violation'" [sic] at issue, citing Polk County v. Dodson, 454 U.S. 312, 326, 102 S. Ct. 445, 454 (1981). The borough movants are correct. The plaintiffs' amended complaint fails to identify any policy or custom of the Borough of Lodi or the Borough of Maywood that deprives them of a

constitutional right.  The absence of such facts from the pleading renders it impossible for the Court to conclude that a facially plausible claim to relief has been made against either borough.

With respect to the plaintiffs' due process claim, the movants allege that the plaintiffs failed "to articulate how their Due Process rights were violated" and allege, further, that the plaintiffs are unable to state a due process claim because "the issuance of a ticket for violating a law does not interfere with the right implicit in the concept of ordered liberty."  The plaintiffs never alleged they were issued "a ticket[s] for violating a law."  Therefore, the movants' speculation that the plaintiffs are recipients of a ticket(s), without more, does not support their contention that "Plaintiff [sic] due process claim cannot stand."  However, the movants' speculation notwithstanding, the plaintiffs' due process claim cannot stand because the plaintiffs failed to allege facts tending to establish, plausibly, that any movant violated their right to due process.  Such a failure prevents the plaintiffs' amended complaint from withstanding a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).

In summary, the plaintiffs' failure to set forth specific factual allegations against any of the movants in their amended complaint, from which the Court might draw the reasonable inference that a movant is liable for one or more of the constitutional violations the plaintiffs contend were committed, warrants granting the movants' Fed. R. Civ. P. 12(b)(6) motion, as the plaintiffs have failed to state a claim, against any movant, upon which relief can be granted.  As a consequence, no analysis of the movants' request for relief, pursuant to Rule 21 of the Federal Rules of Civil Procedure, is necessary.

## RECOMMENDATION

For the reasons set forth above, the movants' motion to dismiss the plaintiffs' amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), Docket Entry No. 11, should be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with

courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 1350, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated:  New York, New York
       February 6, 2015

Respectfully submitted,

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Anil Agarwal
Madhu Agarwal