```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DR. ANIL AGARWAL, 207-209 West Sherman St.
McAdoo, PA 18237-0006, MADHU AGARWAL,
419 Esplanade, Maywood, NJ 07607 & any and all
US CITIZENS and permanent residents
effected in any way by CONSTITUTIONAL
WRONGS OF DEFENDANTS,

                            Plaintiffs,           **REPORT and RECOMMENDATION**

          -against-                               14-CV-1873 (PAC)(KNF)

UNITED STATES OF AMERICA, c/o
U.S. ATTORNEY GENERAL,
US Congress, c/o Speaker of the Congress,
All Federal Courts Judges
c/o Court Clerk of United States Supreme Court
All US Attorneys, c/o US Attorney General
All States of United States, c/o Governor's and/or
Attorney General's of the States,
Any and All Violators of US Constitution,
Any and All Institutions connected with Law, and/or
Law Enforcement, Any and All Professionals
[lawyers, state courts and municipal courts judges,
sheriffs, police officers, court officers] specially
connected with Law, Any and All News Media
Watch Dogs and Independent Guarantors of
US Constitution Rights, Any and All Jane and
John Doe's who violated Constitution of America
in any way, Rishi Rakshpal, 207-209 West Sherman St.,
McAdoo, PA 18237-0006, Judge Susan D. Wigenton
U.S. District Court for New Jersey, Newark, NJ,
Judge A. Richard Caputo, U.S. District Court,
Scranton, PA 18501, Judge Thomas M. Blewitt
U.S. District Court, Scranton, PA 18501,
All Judges of Third Circuit Courts of Appeal,
601 Market Street, Philadelphia, PA 19106,
All Court Personals of Third Circuit Courts of Appeal
601 Market Street, Philadelphia, PA 19106,
Third Circuit Courts of Appeal through The Clerk
601 Market Street, Philadelphia, PA 19106,
All Sherifs and/or Administrators of detention
facilities situated in the United States,
Borough of Lodi, One Memorial Drive, Lodi, NJ
07644, Sandy De Lo Renzo, Hudson City Saving
Bank, 304 Essex St. Lodi, NJ 07644,
Hudson City Saving Bank, West 80 Century Road,
Paramus, NJ 07652, Custodian of Records,
Hudson City Saving Bank, West 80 Century Road,

Paramus, NJ 07652, Edward Reuter
Lodi Police Department, One Memorial Drive,
Lodi, NJ 07644, Vincent J. Caruso,
Lodi Police Department, One Memorial Drive,
Lodi, NJ 07644, Gary Paparozzi,
Borough of Lodi, One Memorial Drive,
Lodi, NJ 07644, Judge Scott G. Sproviero,
Borough of Lodi, One Memorial Drive,
Lodi, NJ 07644, Borough Clark of Lodi,
Borough of Lodi, One Memorial Drive,
Lodi, NJ 07644, Judge Tracie Nunno-D'Amico,
Municipal Court, One Memorial Drive,
Lodi, NJ 07644, Judge Giuseppe Randazzo,
Municipal Court, One Memorial Drive,
Lodi, NJ 07644, Gerry Michata
Hudson City Saving Bank, 304 Essex St.,
Lodi, NJ 07644, Nicholas M. Alicea,
U.S. Postal Inspection Service, P.O. Box 600035,
Harrisburg, PA 17106-0035, Carol Defalco
Municipal Court, Borough of Lodi,
One Memorial Drive, Lodi, NJ 07644,
Lodi Police Officer #1, Lodi Police Department,
One Memorial Drive, Lodi, NJ 07644,
Lodi Police Officer #2, Lodi Police Department,
One Memorial Drive, Lodi, NJ 07644,
Judge Gregg A. Padovano, Municipal Court,
227 Phillips Ave., South Hackensack, NJ 07606,
All Municipal Court Judges in State of New Jersey
through NJ Attorney General, Ronald Dario,
Municipal Court, 227 Phillips Ave.,
South Hackensack, NJ 07606, Judge Patric J. Roma,
Bergen County Justice Center, Hackensack,
NJ 07601, Bergen County Municipal Courts
Administrator, Superior Court, Hackensack, NJ 07601,
John L. Molinelli, Bergen County Prosecutor Office,
10 Main Street, Hackensack, NJ 07601, Charls Cho,
Bergen County Prosecutor officer, 10 Main Street,
Hackensack, NJ 07601, Monica Haung, Bergen County
Prosecutor officer, 10 Main Street, Hackensack, NJ 07601,
Mr. Edward T. Rogan, 125 State Street, Hackensack,
NJ 07601, Judge Roy F. McGeady,
Vicinage 2 Municipal Court, 10 Main Street,
Hackensack, NJ 07601, Judge Peter E. Doyne
Bergen County Justice Center, Hackensack, NJ 07601,
Judge Axelrad, Appellate Division of Superior Court,
Trenton, NJ 08625-0006, Judge Sapp-Paterson,
Appellate Division of Superior Court,
Trenton, NJ 08625-0006, Andrew Samson,
27 Horseneck Road, #210, Fairfield, NJ 07004,

2

Judge Joseph F. Lisa, Appellate Division of
Superior Court, Trenton, NJ 08625-0006,
Judge Jack M. Sabatino, Appellate Division of
Superior Court, Trenton, NJ 08625-0006,
Joseph H. Orlando, Clerk, Appellate Division of
Superior Court, Trenton, NJ 08625-0006,
All Personal, of Appellate Division, New Jersey
Superior Court, Trenton, NJ 08625-0006,
All Banks in USA through the CEO's,
Judge Thomas P. Olivieri, Superior Court,
Hudson County, Jersey City, NJ 07306,
Kristina Gandolfo Murtha, Suite 5000,
701 Market Street, Philadelphia, PA 19106-1532,
Goldbeck McCafferty & McKeever
Suite 5000, 701 Market Street, Philadelphia, PA
19106-1532, Judge Peter F. Bariso, Superior Court,
Hudson County, Jersey City, NJ 07306,
Judge Alvaro L. Iglesias, Superior Court,
Hudson County, Jersey City, NJ 07306,
Judge Maurice J. Gallipoli, Superior Court,
Hudson County, Jersey City, NJ 07306,
Patricia A. Krogman, 574 Summit Avenue,
Jersey City, NJ 07306, Judge Michael L. Ravin,
Superior Court, Hudson County, Jersey City,
NJ 07306, The Clerk, Hudson County Superior Court,
NJ 07306, The Sherif, Hudson County,
Jersey City, NJ 07306, Judge Kenneth J. Slomienski,
Bergen County Justice Center, Hackensack, NJ 07601,
Judge Hector R. Velazquez, Hudson County,
Jersey City, NJ 07306, Judges of
Hudson County, Jersey City, NJ 07306,
Borough of Maywood and Borough of Paramus,
New Jersey, Governor and Attorney General,
of Commonwealth of Pennsylvania,
Harrisburg, PA 17120, All District Courts of
Commonwealth of Pennsylvania through
Attorney General of Commonwealth of Pennsylvania,
To 10,0001 to be identified as Jane & Jon doe,

                        Defendants.
-------------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

**INTRODUCTION**

The plaintiffs, Dr. Anil Agarwal and Madhu Agarwal, proceeding pro se, filed an amended complaint in May 2014, alleging violations of the First, Seventh and Fourteenth Amendments to the Constitution, and seeking declaratory and injunctive relief.[1]  Before the Court is a motion by defendants Judge Patric J. Roma, Judge Roy F. McGeady, Judge Peter A. Doyne, Judge Axelrad, Judge Sapp-Patterson, Judge Joseph F. Lisa, Judge Jack M. Sabatino, Joseph H. Orlando, Clerk, Appellate Division of Superior Court, Judge Thomas P. Olivieri, Judge Peter F. Bariso, Judge Alvaro L. Iglesias, Judge Maurice J. Dellipolo, Judge Michael L. Ravin, Judge Kenneth J. Slomienski, and Judge Hector R. Velazquez[2] for an order dismissing the complaint, pursuant to Rules 12(b)(1),(2) and (6) of the Federal Rules of Civil Procedure.  The plaintiffs have not opposed the motion.

**BACKGROUND**

The plaintiffs commenced this action on March 18, 2014.  Thereafter, on March 25, 2014, your Honor directed the plaintiffs to submit an amended complaint to the court's Pro Se Office within sixty

---

[1] The amended complaint is not crafted clearly, and has been construed liberally by the Court and interpreted to raise the strongest arguments it suggests.  See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).

[2] The movants assert that they are misidentified in the complaint and for the purpose of their motion identify themselves as follows: the Honorable Patrick J. Roma, JSC; the Honorable Roy F. McGeady, PJMC; the Honorable Peter E. Doyne, AJSC; the Honorable Francine I. Axelrad, JSC; the Honorable Paulette Sapp-Peterson, J.A.D.; the Honorable Joseph F. Lisa, J.A.D.; the Honorable Jack N. Sabatino, J.A.D.; Joseph H. Orlando, Esquire, Clerk of Appellate Division; the Honorable Thomas P. Olivieri, J.S.C. (RET); the Honorable Peter F. Bariso, A.J.S.C.; the Honorable Alvaro L. Iglesias, J.S.C.; the Honorable Maurice J. Gallipoli, J.S.C. (RET); the Honorable Michael L. Ravin, J.S.C.; the Honorable Kenneth J. Slomienski, J.S.C.; the Honorable Hector R. Velazquez, P.J.Ch.  The movants also identified Sylvia Gonzalez, Trial Court Administrator as a movant contending that she is "improperly pled [in the plaintiffs' complaint] as 'Clerk of the Hudson Vicinage.'"  However, the plaintiffs' complaint, Docket Entry No. 7 on the docket sheet maintained by the Clerk of Court, identifies neither Sylvia Gonzalez nor the "Clerk of the Hudson Vicinage" as a defendant in the action.

(60) days. On May 30, 2014, the Pro Se Office received the plaintiffs' amended complaint, Docket Entry No. 7.[3]

Plaintiffs' Contentions

A)      First Amendment Claim

Through the amended complaint, the plaintiffs contend that, inasmuch as the First Amendment to the Constitution allows for "petitioning for a governmental redress of grievances . . . any Federal Courts [sic] Rules, State and/or County law and/rules which can [in] any way prohibit petitioning (by way of putting any extra burden on petitioner should be unconstitutional) should be declared UNCONSTITUTIONAL." The plaintiffs seek a declaration, inter alia, that: 1) "[c]ourt fees are unconstitutional," since they "can be prohibitive" and, thus, they should be "returned to the payers"; and 2) "[a]ll incarceration facilities in [the] United States should and have to follow inmates [sic] rights to '**free exercise of religion**,'" **and** '**freedom of speech**.'" (emphasis in original). According to the plaintiffs, one of them, who is not identified, has been arrested a "few times without due process and . . . was denied free exercise of religion and freedom of speech in more than one way." The plaintiffs also seek a declaration that all court rules or regulations which burden a petitioner "like service of notices[,] etc. may and/or can be prohibitive." The plaintiffs maintain that when a petition is filed "it needs to be provided due process" and when anyone acts "sua sponte [other [sic] word for it is '**ARBITRARY**'] VIOLATE'S [sic] DUE – PROCESS [sic] AND THUS VIOLATES ITS (JUDGE/ACTOR) OATH AND VOIDS IT [sic] JURISDICTION OF OFFICE [sic]" the person holds. (emphasis in original).

B)      Seventh Amendment Claim

The plaintiffs also contend that the Seventh Amendment to the Constitution provides for the right to a jury trial "**in certain civil cases**, **according to common law**." (emphasis in original). Thus, in every

---

[3]The plaintiffs filed a second amended complaint, Docket Entry No. 24, without the consent of the defendants or leave of the court, in contravention of Fed. R. Civ. P. 15. Therefore, Docket Entry No. 7 remains the operative pleading.

5

instance where a jury trial is requested, the "presiding officer (Judge) cannot discard [the] Jury [sic] trial request and give himself [the] right of becoming a Jury." The plaintiffs demand a declaration, inter alia, that: 1) anyone violating the petitioner's constitutional right to a jury trial is violating the Constitution; 2) anyone who violates the Constitution cannot take an oath of office and, furthermore, any office holder subject to an oath of office who violates that oath relinquishes his or her office; 3) anyone who violates an oath of office and fails to establish that he or she understood the oath of office makes holding that office void ab initio; 4) once it is established when an office holder violated his or her oath of office or the point at which he or she did not understand the oath of office, the violator becomes "liable of holding the office fraudulently, giving rise to civil and criminal penalties"; 5) a "court or jury can pass [a] writ of 'QUO WARRANTO' to remove that violator of [the] oath of office"; 6) "anyone requesting any summary trial in Jury Trial [sic] cases should be prosecuted for OBSTRUCTION OF JUSTICE"; 7) any court personnel, prosecutors or attorneys "submitting any fact[,] which they have not verified themselves [,that is] found to be [untruthful,] should be . . . prosecuted for obstruction of Justice [sic]"; 8) "any and all retirement/pension benefits of [a] person/s that violates the oath/constitution [sic] are forfeited"; and 9) "all cases dismissed without [a] Jury Trial [sic] by the Judge [sic] should be restored to [the] respective court calendar."

C)      Fourteenth Amendment Claim

According to the plaintiffs, inasmuch as "[a]ll STATES [sic] of [the] United States have very simple laws of Handicap [sic] parking which cannot be said to be equal protection between handicapped and not handicapped . . . any fines collected by any States [sic] [should] be returned to the people who paid it [sic]."

Notwithstanding the various claims made by the plaintiffs, their amended complaint is devoid of factual allegations tending to show how, if at all, any of the defendants engaged in misconduct or what the particular misconduct is for which he, she or it is liable to the plaintiffs.

6

Movants' Motion

In response to the plaintiffs' amended complaint, the movants filed the instant motion, pursuant to Rules 12(b)(1),(2) and (6) of the Federal Rules of Civil Procedure, seeking an order dismissing the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim upon which relief can be granted.  The movants contend that the court lacks subject matter jurisdiction in this action because: 1) they are, as officials of New Jersey's judicial branch of government, shielded from suit by the Eleventh Amendment to the Constitution; 2) they are not persons subject to suit under 42 U.S.C. § 1983; and 3) they are protected by absolute judicial immunity or quasi-judicial immunity.  The movants maintain that the court lacks personal jurisdiction over them because "[t]here is no indication that they transact business in New York, committed a tort within or felt in New York or possesses [sic] real property in New York" and, thus, "the requirements of New York's Long-Arm Statute [New York Civil Practice Law and Rules] § 302, as well as the due process clause [of the Constitution]" have not been satisfied.

The movants assert that the plaintiffs' complaint "is devoid of any factual allegations that state a plausible claim."  According to the movants, "[p]laintiffs presume violations of the First, Seventh and Fourteenth Amendments.  Specifically, [the plaintiffs] argue that 1) court fee requirements violate a litigant's First Amendment right to petition the government; 2) the failure to allow a civil matter to go to a jury trial violates the Seventh Amendment; and 3) handicapped parking laws violate equal protection.  However, [the plaintiffs] provide no factual allegations that support any such claims."  Furthermore, the movants contend that the plaintiffs' "legal conclusions are proffered absent any factual or legal support whatsoever."  Therefore, according to the movants, "the Amended Complaint should be dismissed in its entirety."

7

**DISCUSSION**

1. <u>Fed. R. Civ. P. 12(b)(1) – Lack of Subject Matter Jurisdiction</u>

A. Eleventh Amendment

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." US Const. amend. XI. The Supreme Court has not decided whether "Eleventh Amendment immunity is a matter of subject-matter jurisdiction," <u>Wisconsin Dep't of Corr. v. Schacht</u>, 524 U.S. 381, 391, 118 S. Ct. 2047, 2054 (1998), but in this Circuit, a sovereign immunity claim is analogized to an affirmative defense, "which a party may invoke or not, as it wishes." <u>Woods v. Rondout Valley Cent. School</u>, 466 F.3d 232, 238 (2d Cir. 2006). Accordingly, the Eleventh Amendment Sovereign Immunity defense is analyzed pursuant to Rule 12(b)(6), not Rule 12(b)(1) of the Federal Rules of Civil Procedure. Therefore, the movants' reliance upon Fed. R. Civ. P. 12(b)(1), in asserting that they are shielded from suit by the Eleventh Amendment, is misplaced and cannot provide the basis for the relief they seek under that theory.

B. Persons Subject to Suit Under § 1983

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983

By its express language, § 1983 subjects persons to liability who deprive others of rights secured by the Constitution and laws of the United States. Notwithstanding the fact that state officials are literally persons, the Supreme Court has explained that in the context of § 1983 "a suit against a state official in

his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989). "[A] person acts under color of state law only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Polk Cty. v. Dodson, 454 U.S. 312, 317-318, 102 S. Ct. 445, 449 (1981)(internal quotation marks omitted). "[S]tate employment is generally sufficient to render the defendant a state actor" within the context of § 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 n.18, 102 S. Ct. 2744, 2752 n.18 (1982).

The movants contend, principally, that they "are not persons amenable to suits pursuant to § 1983" because they "are not amenable to suit in their official capacities." It is unclear from the complaint whether the plaintiffs are suing the movants in their respective official capacities or in their personal capacities. Furthermore, none of the movants submitted an affidavit in support of the instant motion setting forth "any factual information . . . necessary for the decision of the motion," as required by the court's Local Civil Rules. Local Civil Rule 7.1(a)(3). Therefore, no evidence is in the motion record before the Court establishing that the movants are officials of the New Jersey judicial branch of government or the circumstance(s) under which any movant took some action with respect to the plaintiffs. Regardless of these deficiencies, since an action brought pursuant to § 1983 presents a federal question over which district courts have original jurisdiction, see 28 U.S.C. § 1331, the instant theory under which the movants allege that the court lacks subject matter jurisdiction, is meritless.

C. Immunity

Judges are immune from liability for damages for acts committed while performing their judicial duties regardless of how erroneous the acts may have been or how injurious the consequences were to a plaintiff. See Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S. Ct. 496, 499-500 (1985). Personnel other than judicial officers, such as clerks of courts, have also been granted similar immunity from damages for performing tasks which are judicial in nature and an integral part of the judicial process. See

9

Ceparano v. Southampton Justice Court, 404 Fed. Appx. 537, 539 (2d Cir. 2011)(citing Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997)).  According to the movants, they are entitled to "absolute judicial immunity" or "quasi-judicial immunity" owing to their respective positions in the judicial branch of New Jersey's government.  However, as noted above, no evidence exists in the motion record establishing what position, if any, in the judicial branch of New Jersey's government, any movant holds.  Therefore, it is not possible for the Court to determine whether judicial or similar immunity is applicable to any of the movants.

2.      Fed. R. Civ. P. 12(b)(2) – Personal Jurisdiction

New York Civil Practice Law and Rules ("CPLR") section 302 describes how "a court may exercise personal jurisdiction over any non-domiciliary."  CPLR § 302(a).  When confronted with a case involving a federal question, a district court determining whether it has personal jurisdiction over a non-domiciliary must "engage in a two-step analysis" requiring it to "apply the forum state's long-arm statute" and "[i]f the long-arm statute permits personal jurisdiction," then the court must determine "whether personal jurisdiction comports with the Due Process Clause of the United States Constitution."  Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163-164 (2d Cir. 2010).  In the case at bar, no evidence is in the motion record before the court that establishes where any movant is domiciled.  Therefore, the applicability, if any, of New York's long-arm statute, CPLR § 302, is unknown to the Court.  Accordingly, the movants' assertion, that the court lacks personal jurisdiction over them because the requirements of CPLR § 302 have not been satisfied, does not warrant the court in dismissing this action for want of personal jurisdiction.

3.      Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim

"[A] party may assert the following [defense] by motion . . . failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, made pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Conclusory allegations that the defendant violated the standards of law do not satisfy the need for plausible factual allegations." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 191 (2d Cir. 2010) (citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). When a motion is made pursuant to Rule 12(b)(6), all facts alleged in the complaint are assumed to be true and all reasonable inferences are drawn in the plaintiff's favor. See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n, 655 F.3d 136, 141 (2d Cir. 2011). When assessing a Rule 12(b)(6) motion, a court's "consideration is limited to facts stated on the face of the complaint or incorporated . . . by reference, and to matters [about] which judicial notice may be taken," Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991), as well as "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit. Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000)(internal citation omitted).

In assessing whether the plaintiffs' amended complaint can withstand the movants' assertion that it fails to state a claim for which relief may be granted, the Court examined the facts recited on the face of the amended complaint to determine whether a claim that is facially plausible, that is, a claim containing sufficient factual matter from which the Court may draw the reasonable inference that a movant is liable for misconduct alleged in the complaint, exists. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. Based on the Court's examination of the facts recited on the face of the plaintiffs' amended complaint, the Court has determined that the amended complaint lacks factual allegations attributing misconduct to any of the movants. Accordingly, no plausible claim for which relief can be granted has been made by the plaintiffs against the movants. Therefore, granting the movants' Fed. R. Civ. P. 12(b)(6) motion is warranted.

## RECOMMENDATION

For the reasons set forth above, I recommend that Docket Entry No. 31 be granted, in part, and denied, in part. The movants' motion to dismiss the plaintiffs' amended complaint, pursuant to Fed. R.

Civ. P. 12(b)(6), should be granted, and their request that the motion be dismissed, pursuant to Fed. R. Civ. P. 12(b)(1) and (2), should be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 1350, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. **Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.** See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
      July 14, 2015

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Anil Agarwal
Madhu Agarwal

*agarwal4.rr*