UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DR. ANIL AGARWAL, 207-209 West Sherman St.
McAdoo, PA 18237-0006, MADHU AGARWAL,
419 Esplanade, Maywood, NJ 07607 & any and all
US CITIZENS and permanent residents
effected in any way by CONSTITUTIONAL
WRONGS OF DEFENDANTS,

                                        Plaintiffs,

                        -against-

UNITED STATES OF AMERICA, c/o
U.S. ATTORNEY GENERAL,
US Congress, c/o Speaker of the Congress,
All Federal Courts Judges
c/o Court Clerk of United States Supreme Court
All US Attorneys, c/o US Attorney General
All States of United States, c/o Governor's and/or
Attorney General's of the States,
Any and All Violators of US Constitution,
Any and All Institutions connected with Law, and/or
Law Enforcement, Any and All Professionals
[lawyers, state courts and municipal courts judges,
sheriffs, police officers, court officers] specially
connected with Law, Any and All News Media
Watch Dogs and Independent Guarantors of
US Constitution Rights, Any and All Jane and
John Doe's who violated Constitution of America
in any way, Rishi Rakshpal, 207-209 West Sherman St.,
McAdoo, PA 18237-0006, Judge Susan D. Wigenton
U.S. District Court for New Jersey, Newark, NJ,
Judge A. Richard Caputo, U.S. District Court,
Scranton, PA 18501, Judge Thomas M. Blewitt
U.S. District Court, Scranton, PA 18501,
All Judges of Third Circuit Courts of Appeal,
601 Market Street, Philadelphia, PA 19106,
All Court Personals of Third Circuit Courts of Appeal
601 Market Street, Philadelphia, PA 19106,
Third Circuit Courts of Appeal through The Clerk
601 Market Street, Philadelphia, PA 19106,
All Sherifs and/or Administrators of detention
facilities situated in the United States,
Borough of Lodi, One Memorial Drive, Lodi, NJ
07644, Sandy De Lo Renzo, Hudson City Saving
Bank, 304 Essex St. Lodi, NJ 07644,
Hudson City Saving Bank, West 80 Century Road,
Paramus, NJ 07652, Custodian of Records,
Hudson City Saving Bank, West 80 Century Road,

**REPORT and RECOMMENDATION**

14-CV-1873 (PAC)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/15

Paramus, NJ 07652, Edward Reuter
Lodi Police Department, One Memorial Drive,
Lodi, NJ 07644, Vincent J. Caruso,
Lodi Police Department, One Memorial Drive,
Lodi, NJ 07644, Gary Paparozzi,
Borough of Lodi, One Memorial Drive,
Lodi, NJ 07644, Judge Scott G. Sproviero,
Borough of Lodi, One Memorial Drive,
Lodi, NJ 07644, Borough Clark of Lodi,
Borough of Lodi, One Memorial Drive,
Lodi, NJ 07644, Judge Tracie Nunno-D'Amico,
Municipal Court, One Memorial Drive,
Lodi, NJ 07644, Judge Giuseppe Randazzo,
Municipal Court, One Memorial Drive,
Lodi, NJ 07644, Gerry Michata
Hudson City Saving Bank, 304 Essex St.,
Lodi, NJ 07644, Nicholas M. Alicea,
U.S. Postal Inspection Service, P.O. Box 600035,
Harrisburg, PA 17106-0035, Carol Defalco
Municipal Court, Borough of Lodi,
One Memorial Drive, Lodi, NJ 07644,
Lodi Police Officer #1, Lodi Police Department,
One Memorial Drive, Lodi, NJ 07644,
Lodi Police Officer #2, Lodi Police Department,
One Memorial Drive, Lodi, NJ 07644,
Judge Gregg A. Padovano, Municipal Court,
227 Phillips Ave., South Hackensack, NJ 07606,
All Municipal Court Judges in State of New Jersey
through NJ Attorney General, Ronald Dario,
Municipal Court, 227 Phillips Ave.,
South Hackensack, NJ 07606, Judge Patric J. Roma,
Bergen County Justice Center, Hackensack,
NJ 07601, Bergen County Municipal Courts
Administrator, Superior Court, Hackensack, NJ 07601,
John L. Molinelli, Bergen County Prosecutor Office,
10 Main Street, Hackensack, NJ 07601, Charls Cho,
Bergen County Prosecutor officer, 10 Main Street,
Hackensack, NJ 07601, Monica Haung, Bergen County
Prosecutor officer, 10 Main Street, Hackensack, NJ 07601,
Mr. Edward T. Rogan, 125 State Street, Hackensack,
NJ 07601, Judge Roy F. McGeady,
Vicinage 2 Municipal Court, 10 Main Street,
Hackensack, NJ 07601, Judge Peter E. Doyne
Bergen County Justice Center, Hackensack, NJ 07601,
Judge Axelrad, Appellate Division of Superior Court,
Trenton, NJ 08625-0006, Judge Sapp-Paterson,
Appellate Division of Superior Court,
Trenton, NJ 08625-0006, Andrew Samson,
27 Horseneck Road, #210, Fairfield, NJ 07004,

Judge Joseph F. Lisa, Appellate Division of
Superior Court, Trenton, NJ 08625-0006,
Judge Jack M. Sabatino, Appellate Division of
Superior Court, Trenton, NJ 08625-0006,
Joseph H. Orlando, Clerk, Appellate Division of
Superior Court, Trenton, NJ 08625-0006,
All Personal, of Appellate Division, New Jersey
Superior Court, Trenton, NJ 08625-0006,
All Banks in USA through the CEO's,
Judge Thomas P. Olivieri, Superior Court,
Hudson County, Jersey City, NJ 07306,
Kristina Gandolfo Murtha, Suite 5000,
701 Market Street, Philadelphia, PA 19106-1532,
Goldbeck McCafferty & McKeever
Suite 5000, 701 Market Street, Philadelphia, PA
19106-1532, Judge Peter F. Bariso, Superior Court,
Hudson County, Jersey City, NJ 07306,
Judge Alvaro L. Iglesias, Superior Court,
Hudson County, Jersey City, NJ 07306,
Judge Maurice J. Gallipoli, Superior Court,
Hudson County, Jersey City, NJ 07306,
Patricia A. Krogman, 574 Summit Avenue,
Jersey City, NJ 07306, Judge Michael L. Ravin,
Superior Court, Hudson County, Jersey City,
NJ 07306, The Clerk, Hudson County Superior Court,
NJ 07306, The Sherif, Hudson County,
Jersey City, NJ 07306, Judge Kenneth J. Slomienski,
Bergen County Justice Center, Hackensack, NJ 07601,
Judge Hector R. Velazquez, Hudson County,
Jersey City, NJ 07306, Judges of
Hudson County, Jersey City, NJ 07306,
Borough of Maywood and Borough of Paramus,
New Jersey, Governor and Attorney General,
of Commonwealth of Pennsylvania,
Harrisburg, PA 17120, All District Courts of
Commonwealth of Pennsylvania through
Attorney General of Commonwealth of Pennsylvania,
To 10,0001 to be identified as Jane & Jon doe,

                              Defendants.
--------------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

**INTRODUCTION**

The plaintiffs, Dr. Anil Agarwal and Madhu Agarwal, proceeding <u>pro se</u>, filed an amended complaint in May 2014, alleging violations of the First, Seventh and Fourteenth Amendments to the Constitution, and seeking declaratory and injunctive relief.[1]  Before the Court is a motion by HSBC Bank USA, N.A. ("HSBC"), "for an order or judgment dismissing the Amended Class Action Complaint for Declaratory and Injunctive Relief [D.E. #24], pursuant to Fed. R. Civ. P. 12(b)(6) and for such other relief as the Court deems proper."  The plaintiffs have not opposed the motion.

**BACKGROUND**

The plaintiffs commenced this action on March 18, 2014.  Thereafter, on March 25, 2014, your Honor directed the plaintiffs to submit an amended complaint to the court's Pro Se Office within sixty (60) days.  On May 30, 2014, the Pro Se Office received the plaintiffs' amended complaint, Docket Entry No. 7.  The plaintiffs filed a second amended complaint, Docket Entry No. 24, without the consent of the defendants or leave of the court, in contravention of Fed. R. Civ. P. 15.  Therefore, Docket Entry No. 7 and not Docket Entry No. 24 is the operative pleading in this action.

<u>Plaintiffs' Contentions</u>

A)      <u>First Amendment Claim</u>

Through the amended complaint, the plaintiffs contend that, inasmuch as the First Amendment to the Constitution allows for "petitioning for a governmental redress of grievances . . . any Federal Courts [sic] Rules, State and/or County law and/rules which can [in] any way prohibit petitioning (by way of putting any extra burden on petitioner should be unconstitutional) should be declared UNCONSTITUTIONAL."  The plaintiffs seek a declaration, <u>inter alia</u>, that: 1) "[c]ourt fees are unconstitutional," since they "can be prohibitive" and, thus, they should be "returned to the payers"; and

---

[1] The amended complaint is not crafted clearly, and has been construed liberally by the Court and interpreted to raise the strongest arguments it suggests.  <u>See</u> <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996).

2) "[a]ll incarceration facilities in [the] United States should and have to follow inmates [sic] rights to '**free exercise of religion**,'" **and** '**freedom of speech**.'" (emphasis in original). According to the plaintiffs, one of them, who is not identified, has been arrested a "few times without due process and . . . was denied free exercise of religion and freedom of speech in more than one way." The plaintiffs also seek a declaration that all court rules or regulations which burden a petitioner "like service of notices[,] etc. may and/or can be prohibitive." The plaintiffs maintain that when a petition is filed "it needs to be provided due process" and when anyone acts "sua sponte [other [sic] word for it is '**ARBITRARY**'] VIOLATE'S [sic] DUE – PROCESS [sic] AND THUS VIOLATES ITS (JUDGE/ACTOR) OATH AND VOIDS IT [sic] JURISDICTION OF OFFICE [sic]" the person holds. (emphasis in original).

B)      Seventh Amendment Claim

The plaintiffs also contend that the Seventh Amendment to the Constitution provides for the right to a jury trial "**in certain civil cases**, **according to common law**." (emphasis in original). Thus, in every instance where a jury trial is requested, the "presiding officer (Judge) cannot discard [the] Jury [sic] trial request and give himself [the] right of becoming a Jury." The plaintiffs demand a declaration, inter alia, that: 1) anyone violating the petitioner's constitutional right to a jury trial is violating the Constitution; 2) anyone who violates the Constitution cannot take an oath of office and, furthermore, any office holder subject to an oath of office who violates that oath relinquishes his or her office; 3) anyone who violates an oath of office and fails to establish that he or she understood the oath of office makes holding that office void ab initio; 4) once it is established when an office holder violated his or her oath of office or the point at which he or she did not understand the oath of office, the violator becomes "liable of holding the office fraudulently, giving rise to civil and criminal penalties"; 5) a "court or jury can pass [a] writ of 'QUO WARRANTO' to remove that violator of [the] oath of office"; 6) "anyone requesting any summary trial in Jury Trial [sic] cases should be prosecuted for OBSTRUCTION OF JUSTICE"; 7) any court personnel, prosecutors or attorneys "submitting any fact[,] which they have not verified themselves [,that is] found to

5

be [untruthful,] should be . . . prosecuted for obstruction of Justice [sic]"; 8) "any and all

retirement/pension benefits of [a] person/s that violates the oath/constitution [sic] are forfeited"; and

9) "all cases dismissed without [a] Jury Trial [sic] by the Judge [sic] should be restored to [the] respective

court calendar."

C)      Fourteenth Amendment Claim

        According to the plaintiffs, inasmuch as "[a]ll STATES [sic] of [the] United States have very

simple laws of Handicap [sic] parking which cannot be said to be equal protection between handicapped

and not handicapped . . . any fines collected by any States [sic] [should] be returned to the people who

paid it [sic]."

        HSBC is neither identified as a defendant in the caption of the plaintiffs' amended complaint,

Docket Entry No. 7, nor referenced in the body of that pleading.

Movant's Motion

        HSBC filed the instant motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

seeking an order dismissing the document that appears at Docket Entry No. 24 on the docket sheet

maintained by the Clerk of Court for this action.  See Docket Entry No. 65.  In support of its motion to

dismiss, HSBC submitted a declaration by its attorney, Justin Angelo ("Angelo") and a memorandum of

law.  Attached to Angelo's declaration is "Exhibit A," which, according to Angelo, "is the Amended

Class Action Complaint for Declaratory and Injunctive Relief filed by Plaintiff [sic]," Docket Entry No.

24.

        HSBC contends that Docket Entry No. 24 contains "a host of alleged constitutional violations and

undefined tort claims" for which the plaintiffs claim it and others are liable.  However, according to

HSBC, the plaintiffs "do not assert any facts to support their" claims and do not allege that HSBC "had

any involvement" in denying the plaintiffs any of the constitutional rights referenced in Docket Entry No.

24.  Moreover, HSBC maintains that, since it is not a "state actor" but is a private entity and, further, that

because the plaintiffs would have to show that a state actor deprived them of their constitutional rights in

6

order to obtain the relief they seek from the court, the plaintiffs have not stated a claim against HSBC, and Docket Entry No. 24 must therefore be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

Propriety of the Motion

Rule 8 of the Federal Rules of Civil Procedure explains that "[i]n responding to a pleading, a *party* must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(emphasis added). Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] defendant must serve an answer"; however, notwithstanding the fact that every defense to a claim in a pleading must be asserted in a responsive pleading, if one is required, "a *party* may assert the following defenses by motion: . . .; (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)(emphasis added).

The "Amended Class Action Complaint for Declaratory and Injunctive Relief," Docket Entry No. 24, to which HSBC's motion is addressed, is not the operative amended complaint in this action. The actual amended complaint is Docket Entry No. 7. HSBC is neither identified as a defendant in the caption of the plaintiffs' actual amended complaint nor referenced in that pleading's factual allegations. Inasmuch as HSBC: a) is not a party to this action, see Docket Entry No. 7; and b) has not presented the Court with any authority that permits an entity that is not a party to make a motion for relief in this action pursuant to Fed. R. Civ. P. 12(b)(6), granting HSBC the relief it seeks, via the instant motion, is not warranted.

## RECOMMENDATION

For the reasons set forth above, HSBC's Fed. R. Civ. P. 12(b)(6) motion, Docket Entry No. 65, should be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed.

R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with

courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 1350,

New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New

York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to

Judge Crotty.  *Failure to file objections within fourteen (14) days will result in a waiver of objections*

*and will preclude appellate review.*  See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v.

Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated:  New York, New York
        July 14, 2015

Copies mailed to:

Anil Agarwal
Madhu Agarwal

Respectfully submitted,

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

*agarwal9.rr*

8